### HEIRS OF FULTON vs. SOLLIBELLOS.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

A surety who signs with his principal in the purchase of a slave at the probate sale of his principal's father-in-law's estate, cannot, when sued for the price, exonerate himself by the plea of discussion of his principal's estate, and that the purchase was made at the request of the principal's wife, and for her benefit.

The plaintiffs sue the defendant as security of the late R. H. McWaters, for the price of a slave, amounting to one thousand five hundred and five dollars and interest, which the latter purchased at the probate sale of A. Fulton's estate. They allege that the price of the slave remains unpaid; that McWaters is dead, his estate insolvent, and that the defendant is now liable as his surety.

The defendant avers that Eliza McWaters, one of the plaintiffs, and heir of Fulton, was the wife of R. H. McWaters at the time of the sale, and directed her husband to purchase this slave on her account, as a portion of her share as one of the heirs of Fulton's estate, &c. He further states that the representatives of Fulton deceased, claimed the price of the slave, and were put on the tableau of R. H. McWaters's estate as creditors to that amount. That the defendant, having an interest as surety, intervened, had the claim reduced to five hundred and fourteen dollars and thirty-one cents, with interest, &c., for which a final judgement was rendered in favor of Fulton's heirs against McWaters's succession, which is unappealed from, and is now pleaded as *res judicata*. That to satisfy this claim, the proceeds of this slave, sold as part of McWaters's succession was to be first applied, and for any remainder they were placed as chirography creditors against his estate. He pleads discussion of the effects of McWaters's estate, before coming on him, &c.

There was judgement against the defendant for six hundred and thirty-seven dollars and forty-three cents and reserving the rights of the minor heirs, &c., of Fulton to resist the judgement of the Probate Court, rendered on the intervention of Sollibellos against McWaters's succession. The defendant appealed.

*Thomas,* for plaintiffs, explained:

I. The nature of the claim out of which this contest arises. He urged the right of the plaintiffs to impute the payment made by McWaters, in the five thousand dollars

---

*Margin notes:*

WESTERN DIS.
*October,* 1832.

FULTON'S HEIRS
*vs.*
SOLLIBELLOS.

A surety who signs with his principal in the purchase of a slave at the probate sale of his principal's father-in-law's estate, cannot when sued for the price, exonerate himself by the plea of discussion of his principal's estate, and that the purchase was made at the request of the principal's wife, and for her benefit.

WESTERN DIS.
October, 1832.
———————
FULTON'S
HEIRS
vs.
SOLLIBELLOS.

received as his wife's portion of Fulton's estate to both the purchases he made at the sale of the succession. Having done this, the plaintiffs are entitled to a large balance from his security in the purchase of the land.

2. The surety has no right to plead discussion of McWaters's property before coming on him. He is bound *in solido*, to Fulton's estate, as surety of McWaters.

*Boyce*, for defendant:

1. This case turns on a single point. When McWaters's estate was before the Probate Court the defendant appeared before the homologation of the tableau, and had this debt reduced by the imputation of part of the amount received from Fulton's estate to its payment. The judgement of homologation is now *res judicata*.

2. The defendant has the right to discuss the property and proceeds of McWaters's estate before he can be required to pay the remainder of this debt.

3. The judgement of the inferior court was erroneous and informal, in reserving the right of the minor heirs of Fulton to appeal.

MARTIN, J., delivered the opinion of the court.

The defendant, sued for the price of a slave, as surety of McWaters, the purchaser at the sale of the estate of the plaintiff's ancestor, admitted his signature to the *proces verbal* of the sale, and with this exception pleaded the general issue, and that his principal was, at the period of the sale, the husband of the plaintiff Eliza, who had theretofore instituted proceedings, to obtain a partition of Fulton's estate, and the sale was made with a view to this partition, and she requested her husband to purchase said slave on her account, in part discharge of her part of the estate, which was accordingly done, though the *proces verbal* states the sale as made to the husband, and the defendant, knowing all these circumstances,

WESTERN DIS.
October, 1832.

FULTON'S
HEIRS
vs.
SOLLIBELLOS.

signed the *proces verbal*, as McWaters's surety; and his wife approved the sale, and assured the defendant he should not suffer by his suretyship, and she would keep him harmless on that account, and would consider the sum bid as a payment made to her on account of the share in the estate; and afterwards, in pursuance thereto, her husband, who had the management of her paraphernal estate, did, with her consent, give a receipt for the sum the slave sold for, as part of her claim.    That her said husband has since died, and she claims from his estate a large sum of money for property of her's disposed of by him, and moneys received on her account, particularly on her share of Fulton's estate, and the sum for which the aforesaid slave was sold for, and it has been allowed her as a privileged claim against her husband's estate.    And she has either been paid therefor, or there is sufficient estate to answer her demand.

Further, that, in 1821, McWaters made a payment to the plaintiffs of upwards of five thousand dollars, a part of which ought to be imputed to the debt for which the present suit is brought; and it was so understood at the time.    That the plaintiffs have, without the consent of the defendant, indulged McWaters with a delay, whereby he, as surety, has been discharged.    Discussion was also pleaded.

In an amended answer, the defendant further pleaded that the present plaintiffs instituted a suit against the estate of McWaters, in the Court of Probates, for the price of the slave, wherein the defendant intervened, and by the final judgement afterwards rendered, their claim against McWaters was reduced to five hundred and fourteen dollars and thirty-one cents, with interest at ten per centum from June 25, 1819; that the price the slave sold for at McWaters's estate's sale, should be applied thereto, and the plaintiffs should be considered as simple creditors for the balance.    The defendant pleaded this judgement to the present action, as *res judicata.*

The District Court decided that the plaintiffs should recover from the defendant six hundred and thirty-seven dollars and forty-three cents, with interest at ten per centum on five

WESTERN DIS.
October, 1832.

hundred and fourteen dollars and thirty-one cents, from 17th March, 1831, with costs; reserving certain rights to some of the minor heirs.

From this judgement the plaintiff appealed.

It appears that the rights of the plaintiffs against the estate of his principal, have been settled by a judgement in which they, the estate, and the defendant were parties, which he has pleaded as *res judicata.* The evidence clearly shows the slave was purchased by McWaters, and was sold as a part of his estate. The circumstance of his having done it at the request of his wife, even if it was clearly proven, cannot be of any avail to the defendant.

There is no proof of any delay or indulgence granted by the plaintiffs to McWaters. The plea of discussion is unsupported.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs in both courts.