SELBY *vs.* MARIONNEAUX, ET AL.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

Where an injunction is wrongfully obtained, with a full knowledge of the judgment and claim of the adverse party, it will be dissolved with full damages allowed by law.

This is an injunction suit to stay the sheriff's sale of certain property. The plaintiff in injunction was the attorney at law in defending a suit of A. G. Marionneaux *vs.* J. Roop, for the price of a house and lot. The plaintiff in that suit had judgment with a mortgage, and that the property in question be seized and sold. Before seizure by the sheriff, and before the day of sale, Roop executed an act of sale of the same premises to his lawyer, the present plaintiff. The latter then applied for and obtained an injunction enjoining Marionneaux and the sheriff from proceeding, alleging the property to belong to him in virtue of said sale, which he annexed to his petition. He further alleges, that the judgment in pursuance of which these proceedings are had, is erroneous and null on several grounds; but particularly as regards him because he is no party to it, and being in possession of the property under an authentic act of sale, his title cannot be inquired into in this collateral way. He prays for an injunction to restrain and stop the sale.

The defendants pleaded a general denial, and further averred that the said pretended sale set up by the plaintiff is fraudulent and simulated. They pray that the injunction be dissolved with full damages. Upon these pleadings and issues the case was tried by the court.

The district judge in trying the case rejected all proof of simulation, and decided, that the title of the plaintiff, being by authentic act, could not be inquired into in this collateral way; but that it must be considered good until set aside by a regular suit. *5 Martin, N. S.*, 361 and 364.

Judgment was rendered in favor of the plaintiff, from which the defendants appealed.

*Edwards*, for the defendants and appellants, contended, that they had a right to show, by parole evidence, that the sale set up by plaintiff, is simulated ; that there were other simulated sales of the same property by Roop before the one to the plaintiff. We do not attack his title collaterally to annul it ; but only to show that it never had any existence, and was made with a view to prevent Marionneaux from enforcing his judgment and mortgage on the property in question. See 9 *Louisiana Reports,* 379, 381.

*Carleton, J.*, delivered the opinion of the Court.

On the 17th May, 1832, A. G. Marionneaux sold to Thomas Myers and John Roop, a lot of ground in the village of Plaquemine, for the price of eight hundred dollars, secured by mortgage on the premises, and payable in March following. In September, Myers sold his half to Roop, who having failed to pay the original price, Marionneaux brought suit therefor, on the 21st February, 1834. Roop answered the petition by Selby, his counsel, on the 25th April next following, and in April, 1835, judgment having been rendered in favor of Marionneaux, the lot in question was seized on the 9th May, and advertised for sale on the 12th June. The suit in which the judgment was rendered, is known on the docket of the district, by No. 1385, the record of which comes up with the papers in this cause.

On the 18th May, 1835, Lewis Selby, the plaintiff in the case now under consideration, exhibited to the court a bill of sale, dated the 6th May, 1834, for the same lot of ground from Roop to himself, annexing it to his petition, in which he avers among other things, that it was his property at the time of the seizure, and that the judgment under which it took place was null as regards himself. He prays that the sale may be enjoined, and the defendants be decreed to pay one hundred dollars damages for their illegal proceedings. The sale was accordingly enjoined.

EASTERN DIST.
Jan. 1838.

SELBY
vs.
MARIONNEAUX
ET AL.

The defendants plead by joint answer, denying generally, and averred that in the above suit, 1385, Selby had appeared for Roop, and filed his answer as his counsel, and was therefore fully aware of Marionneaux's claim at the time he purchased the lot on the 6th May, 1834 ; that the sale was made in fraud and without consideration, and concludes with a prayer that the injunction be dissolved, that the plaintiff pay special damages of one hundred dollars, and twenty per cent. upon the amount of the judgment.

The court decreed in favor of the plaintiff, and the defendants appealed.

In the sale from Roop to the plaintiff, it is stated " that the said lot and improvements are subject to no mortgage recorded in said records, other than those recited in the aforesaid act of sale from John Roop to Richard Villiers, of 25th September last."

This act of sale, as also the re-sale from Villiers to Roop, came up with the records of the suit No. 1385.   In the sale from Roop to Villiers, of the 28th September, the lot is stated to be encumbered with several mortgages, one of which is as follows :  " One special mortgage in favor of Gilbert Marionneaux, by Myers and Roop, against which the present vendor warrants the purchaser."

So that it appears, the plaintiff, Selby, both as the vendee of Roop and as his counsel, was fully advised of the original vendor's claim.

But the plaintiff insists, that as third possessor, the validity of his title cannot be investigated except by the action of rescission and nullity.   But in the cases cited to support this point, none of the vendees were in the same situation with himself.   He was the counsel who defended the debtor against the mortgage claim of the vendor, and while the proceedings were pending, shortly after he had filed the answer, and before the rendition of judgment, took from the defendant the conveyance in which he recognized the original vendor's mortgage.   It is asking too much of courts of justice to lend their aid in support of the artifices by which both the counsel and his client are endeavoring to deprive a

creditor of his just rights. Laws were intended to protect the honest and unsuspecting against the bad faith and wiles of the dishonest, and it is of the highest attributes of courts to enforce the claims of justice upon those who refuse to obey its dictates.

We think the judgment of the District Court ought to be reversed, and that the defendant is entitled to recover the full damages afforded by law on the dissolution of injunctions. *Session Acts of* 1831, *page* 102.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; and proceeding to render such judgment, as, in our opinion, ought to have been given below, it is further ordered and decreed, that the injunction be dissolved, and that the defendant recover from the plaintiff in injunction and security on the bond, *in solido*, twenty per centum damages on the amount of the judgment, and ten per centum interest, and that the plaintiff pay costs in both courts.

*Eastern Dist.*
*Jan.* 1838.

Where an injunction is wrongfully obtained, with a full knowledge of the judgment and claims of the adverse party, it will be dissolved, with full damages allowed by law.