No. 3229.—E. B. PENDLETON *v.* EATON & BARSTOW and Sheriff.

An act of sale of personal property, consisting of goods, wares and merchandise in a store, in block, without fixing a price or delivery, is null as against a seizing creditor, and a third party, who claims to have purchased such goods before the seizure, who resorts to the equitable remedy of injunction to stay the sale thereof on the ground of ownership in himself under his purchase, will be condemned to pay the highest rate of exemplary damages for his abuse of the equitable remedies which are given by the law to enable parties to protect themselves against unjust attacks.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn*, J. *R. A. Hunter* and *William A. Seay*, for plaintiff and appellee. *H. S. Losee*, for defendants and appellants.

LUDELING, C. J. The plaintiff, claiming to be the owner of certain personal property sized under an execution issued in the suit of Eaton & Barstow *v.* John Frazer, enjoined the sale thereof.

The exception to the jurisdiction of the court, *ratione materiæ*, was properly overruled; the property seized exceeds in value five hundred dollars.

On the trial the plaintiff offered in evidence an act of sale passed before a notary public a few days before the seizure, but recorded only after the seizure, to the reception whereof the defendant objected on the ground that the same was not recorded until after the seizure, and that the petition for injunction does not allege any such act existed. The judge *a quo* received the evidence, and we think properly. The objection that the act was not recorded goes to the effect rather than to the admissibility of the evidence. The objection that the plaintiff did not set forth how he became the owner, has no force.

The defendant took another bill of exceptions to the ruling of the district judge excluding evidence to show that, several days after the transfer to Pendleton, the plaintiff in injunction, the debtor, Fraser, had settled with H. S. Losee for one of the accounts which was included in the sale to Pendleton, by having the amount thereof credited on a debt due by himself, on the ground that Pendleton was not a party to that act, that any one had a right to pay the debt of another, and that the fact was irrelevant. We think the fact should have been permitted to be proved. Fraud and simulation may be proved by any means in the power of the party alleging either. And this act of receipting an account alleged to have been sold to another, in consideration of receiving a credit on a debt due by himself, showed how one of the parties to the simulation regarded it, and it further explained the nature of Fraser's possession.

An examination of the evidence has convinced us that the plaintiff has failed to establish any right to the property seized. The only evidence offered by him to prove his title is a written act passed before a notary public a few days before the seizure, and not recorded until after the seizure, and his own testimony that "for his own convenience

he left Fraser as his agent in charge of the business during his absence. He visited the store whenever he came to town, and Fraser conducted the business as his agent."

The evidence shows that a sale of all the goods and accounts, *en globo*, was made by Fraser, who remained in possession and carried on the business without any perceptible change. The sign over the door, "J. Fraser," remained the same after as before the sale, and no delivery of the property seems ever to have been made to Pendleton, and no price is proved to have been paid.

"It is the duty of the court to mulct in exemplary damages those who wantonly abuse the equitable remedy of injunction." 11 La. 486; 2 An. 360; 5 An. 155.

It is therefore ordered that the judgment of the district court be annulled, and that the defendants, Eaton & Barstow, recover from the plaintiff, Eugene B. Pendleton, and his surety, Moses Mayer, *in solido*, twenty per centum on the amount of the judgment enjoined, as damages, and costs of both courts.

Rehearing refused.