## No. 6822.

### E. Conery et al. vs. Temple S. Coons et al.

There is no improper joinder of actions and of parties, in a suit for actual and punitory damages, against the principal and the surety on an injunction bond.

Punitory or vindictive damages on account of a suit by injunction alleged to have been brought through malice and without probable cause, shall not be granted without clear and positive proof of the malice and want of probable cause.

The dissolution of an injunction is *prima facie* evidence of an injury sustained by the party enjoined, and entitles him to actual damages.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers, J.*

*Bentinck Egan* and *Singleton & Browne* for Plaintiffs and Appellees.
*Thos. Hunton* for Defendants and Appellants.

The opinion of the Court was delivered by

LEVY, J. The plaintiffs in this case brought suit against the defendants for the recovery *in solido* against Coons as principal and Zunts and Venables as sureties, on an injunction bond, of one thousand dollars, the amount of said bond, and of $11,793 76 against Coons individually as damages caused by the institution of a suit and issuance of an injunction thereon by said Coons, which suit, they aver, was brought

maliciously and without probable cause, and thereby plaintiffs herein were subjected to loss and damages, amounting in all to the sum of $12,793 76. The injunction suit brought by Coons was tried and there was judgment against him, dissolving the injunction and dismissing his action. In the present case there was judgment, in favor of the plaintiffs against Coons, Zuntz and Venables *in solido* for the sum of one thousand dollars, with five per cent. interest from judicial demand, and against Coons, individually, for the further sum of four hundred and thirty-six dollars with like interest; and Coons and Zuntz have taken this suspensive appeal.

The only question which is to be decided in this case is, whether the suit was instituted by Coons and the injunction applied for and obtained through malice and without probable cause, as we cannot sustain the objection to the suit on the ground set forth in the exception of improper joinder of actions and parties. The suit is for damages alleged to have been caused by the wrongful institution and prosecution of the suit, with malice and without probable cause, the damages claimed against the sureties on the injunction bond being limited, of course, to the responsibility incurred to the amount of the injunction bond, the injunction being averred as one of the causes of the damages, Where it is clearly shown that a plaintiff has been actuated by malice. and that there existed no probable cause for the action, this Court has repeatedly inflicted damages upon the plaintiff; but, in all cases in which it has done so, it has required strong proof of malice and want of probable cause, and a showing of facts and circumstances in support of such averments to be positively established.

In the case of Décuir vs. Lieux, recently decided by us, and not yet reported, we have fully discussed and elaborated these views and given our conclusions as to the law applicable to suits for malicious prosecutions, which principles may be applied to such actions as the present.

There was judgment in the original suit in favor of defendants, dissolving the injunction and dismissing plaintiffs' action as in case of nonsuit. In the present suit there was judgment in favor of Conery *et al.*, plaintiffs, allowing $1000 damages (that being the amount of the bond) against the principal and sureties on the injunction bond and against Coons, individually, for $436.

The statement of damages claimed by plaintiffs, which statement is annexed to their petition, embraces the following items :

Insurance premium paid for insurance on steamboat Katie, from 13th February to 13th March, 1875, say twenty-nine days, at $10 per day.................................... $290 00

Keepers' wages (3) from 13th February to 13th March, 1875, twenty-nine days.................................... 101 00

| | | |
|---|---:|---:|
| Wharfage, from 13th February to 13th March, twenty-nine days, at $5 per day.................................... | 145 | 00 |
| Interest on $20,000 for twenty-nine days, at eight per cent.... | 128 | 88 |
| Interest on $20,000 for twenty-nine days, at eight per cent.... | 128 | 88 |
| Attorneys' fees.......................................... | 2,000 | 00 |
| Damages................................................ | 10,000 | 00 |
| Aggregating..........................................$12,793 | | 76 |

These items of damages are alleged to have been caused by reason of the institution of the suit and the wrongful injunction therein, whereby the sale of the steamer was prevented and the expenses enumerated were rendered necessary and the $10,000 damages resulted.

It appears that the writ of injunction was served on the plaintiffs herein on the 5th of February, 1875, and it is alleged that, having advertised that they would receive proposals for the purchase of the boat up to the 13th February, 1875, they caused a proposal for her purchase from Mrs. Mary W. Tobin (the only one made) to be opened. The proposal being to pay the sum of $40,000, of which $20,000 was to be paid in cash and the balance on time, with eight per cent. per annum interest from date; that by reason of the pendency of Coons' suit, the value of the boat was greatly depreciated, competition prevented by the cloud thrown upon the title, etc., which compelled them to accept said bid, which was much less than the real value of the boat; and that only after the dissolution of the injunction were they able to sell and deliver the boat to Mrs. Tobin, on the 13th March, 1875; the expenses mentioned accruing between the date of service of the injunction and the sale and delivery aforesaid.

The plea of no cause of action was sustained by the court below and the injunction dissolved, and Coons' action dismissed at his costs, as in case of nonsuit. We are not called upon, nor have we the right, in this case, to pass upon the correctness of that judgment, which has become *res adjudicata*. We are only to consider the judgment herein appealed from and decide whether the suit was brought with malicious intent and without probable cause.

The evidence shows that Coons consulted attorneys before the institution of the suit, and submitted to them the papers, agreements, etc., on which his claim was based. We do not think that his being himself one of the agents of the creditors, prevented him from enjoining the sale of the boat by his co-agents and claiming from them a settlement of accounts and the enforcement of his claim to a fixed interest in the boat. He, as the lower court decided, had not in his petition disclosed a cause of action in such manner as would sustain his suit, but this fact alone, in the absence of any proof as to malice, *did*

not fix upon him want of probable cause. These views are expressed in relation to the claim for damages growing out of the mere institution of the suit from malicious motives and without probable cause. The authorities in regard to the right of recovery of actual damages growing out of the issuance and service of the injunction are numerous, and our jurisprudence is settled on that point. The dissolution of an injunction must be regarded as conclusive of its improper or wrongful issuance, and those who resort to the harsh and extraordinary remedies of conservatory process, such as attachment, sequestration, arrest and injunction, do so at their peril, and if not sustained are liable for actual damages resulting from or growing out of the proceedings. " The dissolution of an injunction is *prima facie* evidence of the plaintiff in execution having sustained injury." Florance vs. Nixon, 3 La. 292; 4 La. 526; 23 An. 436, 800; 12 An. 785; 11 La. 486; 2 An. 360; 5 An. 155; Barymore vs. McFeely, and Byrne & Co. vs. Gardner, not yet reported.

In this case, we think the damages claimed should be confined to those actually sustained by reason of the injunction, and that it is not one which calls for the infliction of punitory or vindictive damages.

The amount allowed in the judgment of the lower court seems to have been based upon sufficient and satisfactory proof, and we do not feel justified in disturbing it.

The judgment appealed from is, therefore, affirmed with costs