## BROWN v. LAMBETH et al.

Defendants, holders of a note endorsed by plaintiff, gave it up to him, on the latter's executing his own note for the amount, payable at a future period. Judgment was obtained upon the last note, without defence; and the present plaintiff purchased the property seized under execution against him, and gave a twelve-months' bond for the price. An order of seizure having been issued on the twelve-months' bond, plaintiff enjoined it on the ground that he had executed his note in error, not having been aware at the time that he had been

discharged from all liability as endorser by the *laches* of the defendants, but he made no tender of the note on which he was endorser: *Held,* that the injunction must be dissolved, the plaintiff having no right to require the second note to be cancelled without restoring the original note received from the defendants.

Under sec. 3 of the stat. of 25 March, 1831, fees of counsel may be allowed to the defendant on dissolving an injunction, without proof of their having been actually paid by him, where they do not exceed twenty per cent of the amount of the judgment enjoined, and no other damages are allowed.. *Per Curiam :* The judge is authorised, on the dissolution of the injunction, to allow damages to the amount of twenty per cent on the judgment enjoined, without proof.

APPEAL from the District Court of Rapides, *King,* J. *Ryan,* for the appellant. *O. N. Ogden,* for the defendants. The judgment of the court was pronounced by

SLIDELL, J. The petitioner avers that, he was endorser on the note of *William Brown,* due in 1837 ; that, in 1840, having been applied to as endorser by the defendants, then holders of the note, he took up *William Brown's* note by giving his own note payable in 1841 ; that he was afterwards sued on this latter note, and suffered judgment to go against him ; and that, upon execution, certain property belonging to him was sold, of which he became the purchaser on twelve-months' bond, upon which bond a seizure has issued. He further avers that in all these matters he has acted under error ; that in fact he had been discharged as endorser of the original note by the *laches* of the holders in not giving him notice of protest, of which discharge he was ignorant. Upon these allegations an injunction was obtained, which the defendants moved to dissolve.

There is clearly no equity in the petition. Besides the fact that judgment was obtained upon the new note, without defence, the validity of which judgment was recognised by the purchase and execution of the twelve-months' bond, a course by which the plaintiff probably precluded himself from relief, there is another consideration which fully justifies the dissolution of the injunction. The plaintiff gives no account whatever of the note of *William Brown,* which he received, and for which he substituted his own, and does not produce and tender it. If the new note is to be cancelled, how can he ask this equitable relief without restoring the defendants to their original rights ? *Non constat* that the plaintiff may not have collected the note from the maker, or otherwise disposed of it.

The court below, in dissolving the injunction, gave judgment in favor of *Lambeth* & *Thompson,* for $150, "special damages, for counsel fees, sustained by them." It is said by the plaintiff that in this there is error; that counsel fees cannot be allowed as special damages, unless it be proved that the fees have been paid.

The statute of 25th March, 1831, s. 3, declares that, in case the injunction is dissolved, the court, in the same judgment, shall condemn the plaintiff and surety, jointly and severally, to pay to the defendant interest at the rate of ten per cent per annum on the amount of the judgment, *and not more than twenty per cent as damages, unless damages to a greater amount are proved.* In the present case, the sum of $150 was the only amount allowed to the defendants. As it does not exceed twenty per cent upon the judgment enjoined, and as up to that amount the judge was authorised to grant damages without proof, we see no reason to disturb the judgment.

*Judgment affirmed.*