## LIVAUDAIS v. LIVAUDAIS.

An opposition by a third person will not lie, where the opponent claims to be paid by pref-
erence out of the proceeds of property sold under a *fi. fa.* in a suit between others,
but alleges, at the same time, the nullity of the judgment under which the sale was
made.

APPEAL from the Third District Court of New Orleans, *Kennedy,* J. The
plaintiff having obtained a judgment against the defendant, and caused
certain property to be sold under a *fi. fa.*, one *Thomas*, a third person, filed an
opposition, alleging that he was a judgment creditor of the defendant for a cer-
tain amount; and that he is entitled to be paid in preference to the plaintiff, out of
the proceeds of the property sold, on the grounds : *first*, that the judgment on
which the plaintiff issued her execution was illegally obtained; *secondly*, that
it was founded on promissory notes, the payment of which could not be legally

enforced against the defendant, nor against his property; *thirdly*, because    LIVAUDAIS
neither the said judgment, nor the mortgage resulting from its being recorded,    LIVAUDAIS.
can in any way prejudice the rights of the opponent. The plaintiff excepted to
this opposition and prayed for its dismissal, on the grounds: 1. Because a
third oppisition can only take place where the opponent alleges that he is the
owner of the property seized, or that he has a privilege on the proceeds there-
of; and neither of these positions is assumed by the apponent. 2. Because,
should the opposition be admissible, the grounds upon which it is founded are
so vague and indefinite that the plaintiff cannot have come prepared to rebut
the evidence, which it might suit the opponent to offer in support of his loose
allegations.

The judgment of the lower court was in these words:

"A third opposition is allowed but in two cases: 1st. Where the third
opponent is the owner of the thing seized. 2d. Where he has a privilege on it.
C. P. arts. 397, 401. A third opposition based on a superiority of privilege neces-
sarily implies either a competition between valid subsisting privileges, or an asser-
tion of a preference for a privileged debt over a mere ordinary debt. In such cases
the third opposition admits the legality of the sale which has taken place, since its
object is to carry off the proceeds of the sale; and the whole issue, after the
third opponent has proved his claim, is, as to the rank of the claims. In this
case the third opposition denies that *Mrs. de Livaudais* has either a privileged
claim or a claim of any kind against the defendant *Octave de Livaudais;* in
other words, it virtually alleges the utter nullity of her judgment so far as re-
gards the third opponent; there is, therefore, no question of rank presented,
and the legal grounds of a third opposition are wanting. Besides, if the judg-
ment is a mere nullity as regards the third opponent, and it is on that ground
alone that he could attack it in a direct revocatory action, can he be allowed at
the same time to affirm it for his own benefit, by taking the proceeds of the sale
which the judgment alone authorized? I think not. In that respect the po-
sition of the third opponent in this case involves a contradiction. The judg-
ment must stand, with all its legal consequences, in favor of the holder, until it
is set aside; and that cannot be done by a third opposition, for the reasons al-
ready stated. Let the third opposition be dismissed with costs; reserving to the
third opponent all his rights, if any he have, to be prosecuted according to law."
The opponent *Thomas* appealed.

*Legardeur*, for the plaintiff. *Maurian* and *Lambert*, for the appellant. The
judgment of the court was pronounced by

KING, J. The judgment in this case is affirmed, for the reasons assigned by
the district judge, with costs.