## JONES et al. *v.* DOLES et al.

A judgment, rendered in an action in which a sequestration was obtained by the plaintiff, determining the ownership of the property sequestered to be in the defendant, is conclusive against the sureties on the sequestration bond as to the question of ownership. In an action on their bond no evidence can be offered by them to impeach the ownership of the party in whose favor the decision was rendered.

In an action against the sureties in a sequestration bond for damages for the illegality of the sequestration, the plaintiff must show the value of the property sequestered, and such other injury as he may have sustained. In the assessment of damages, fees of counsel employed to defend the original suit may be included; nor is it material to show that such fees have been actually paid; it is enough that plaintiff has incurred a liability for them. Where defendants contend that the property sequestered has been restored since the judgment on the sequestration suit, they must show that fact, or that the plaintiff has otherwise gained possession of it.

Whatever may be the responsibility of the sheriff for the loss of property sequestered, the plaintiff, and the sureties on his sequestration bond, will, in case the sequestration be adjudged illegal, be responsible for its restoration.

APPEAL from the District Court of Morehouse, *Copley*, J. *McGuire* and *Ray*, for the appellants, cited *Smith* v. *Bradford*, 17 La. 266. *Newman* v. *Willson*, 1 An. 48, as to the right to recover counsel fees as damages. *Richardson* and *Sharp*, for the defendants. The judgment of the court was pronounced by

SLIDELL, J. The defendants are sued as the sureties in a sequestration bond, executed in the case of *Sawyer, Crawford & Cliborne, administrator* v. *Jones & Stevens*. In that suit a quantity of logs was taken upon the writ of sequestration out of the possession of *Jones & Stevens*, and the property was then claimed as the property of *Sawyer* and his co-plaintiffs. The ownership was directly put at issue; and, after a trial on the merits before a jury, a general verdict was found in favor of *Jones*; upon which the court gave judgment in favor of *Jones*, and also of his co-defendant *Stevens*, who had alleged in his

answer that he was employed as a raftsman by *Jones*, the sole owner. This judgment remains unreversed; and, as between the parties plaintiffs and defendants in that case, is *res judicata* in favor of *Jones'* ownership, and the lawfulness of his possession, and that of his agent *Stevens*.

But, it is now contended by the defendants, the sureties of *Sawyer*, &c., that the judgment does not form *res judicata* against them on the question of ownership, and that they were properly permitted by the judge *a quo* to offer evidence impeaching the ownership of *Jones*.

In our opinion the court below erred. What was the condition of the bond in which the present defendants united as sureties, with the plaintiffs in the former suit? It was that, " if the said *Joseph M. Sawyer*, et al. shall pay, or cause to be paid, all such damages as may accrue, in case it shall appear and be decreed that the said sequestration was wrongfully sued out, then and in that case the above obligation is to be null and void, otherwise to remain in full force and virtue. Here was a clear undertaking of the sureties that they would pay damages, if the sequestration should in that suit be decreed to have been unlawfully issued; in other words, if it should be adjudged that the defendants in the sequestration, and not the plaintiffs, were the lawful possessors and owners of the property. Such a decree has been rendered. The lawfulness of the possession of *Jones & Stevens*, and the ownership of *Jones*, have been solemnly adjudged; and, we think, it would be a violation of the terms and spirit of the bond, if the sureties were now permitted to renew the issue of ownership. That question is closed by the former judgment, and no evidence on the point of ownership is admissible in this cause. The issue now is, what damages has the injured owner, *Jones*, sustained by the wrongful sequestration.

Under this issue, it is necessary for the plaintiffs to show the value of the property taken under the sequestration. and such other injury as was sustained. In the assessment of damages, we think, may properly be included the reasonable expense of counsel employed in the former suit; and, if the plaintiffs incurred a liability to counsel for their fees, we do not consider it material that, they should show that the fees had been yet actually paid to the counsel employed.

It was certainly admissible for the defendants to show that *Jones*, or his agent *Stevens*, had taken away any portions of the timber during the sequestration. An attempt was made to prove that they did so. But, the testimony upon which the defendants rely on this point, is not satisfactory to us. It wants accuracy as to time, place, and the identity of the property spoken of by the witnesses. The violent resistance, and other acts on the part of *Stevens*, spoken of, may have occurred before the issuing out the sequestration. The burden was upon the defendants to prove clearly, either the restoration of the property after the decree in favor of the defendants in the former cause, or that they had otherwise gained possession of it. If *Jones* has not got his property which was wrongfully sequestered, he must have its value.

It is said, however, that the sheriff was the party to whom *Jones* should look; that he had the property in his custody under the writ, was bound to preserve it for the successful litigant; and if, from his negligence, it floated away, or was otherwise destroyed or lost, he and his official sureties are answerable. Whatever may be the responsibility of the sheriff, we consider it clear that the plaintiffs in the sequestration were responsible for its restoration, and the sureties also by the tenor of their bond.

*Stevens,* as a party obligee in the bond and the agent of *Jones,* is properly joined in this suit, and may recover jointly with *Jones,* for his use.

Entertaining these views we should, if the case were originally before us, have certainly given judgment for the plaintiffs, for the value of the property sequestered and for the sum expended in defending the former suit.   The only doubt left upon our minds is, as to the question, whether, after the sequestration, the present plaintiffs regained possession of a portion of the property; and that doubt is induced more by the verdict of the jury, than by the evidence on the part of the defence as presented in the transcript.   In deference to the opinion of the jury, we have determined to remand the cause.

It is therefore, decreed that, the judgment of the District Court be reversed, and that this cause be remanded for a new trial, and for further proceedings according to law; the defendants paying the costs of this appeal.