## LUCY McRAE *v.* B. M. J. BROWN and the SHERIFF.

| 12 | 181 |
| 108 | 212 |

Where the plaintiff in an injunction seeks to restrain the execution of a judgment, on the ground that the property seized does not belong to the judgment debtor, but to the plaintiff in injunction, no other issue can be made but that of ownership. An affidavit that the Sheriff had "seized" the individual property of the defendant, without any description of the property seized, or statement of its value, is too vague to authorize an injunction, and the petition which is not sworn to cannot supply the defect.

The fee of counsel for the defendant should be assessed as damages on dissolving the injunction, although it was not shown to have been actually paid. The liability to pay it, is sufficient.

APPEAL from the District Court of East Feliciana, *Waterston*, J., presiding. *W. F. Kernan*, for plaintiff and appellant. *J. O. Fuqua*, for defendant.

LEA, J.   In this case the plaintiff sued for and obtained an injunction staying the execution of a judgment against her husband, *S. B. Nunn*, on the ground, with others, that the property seized in execution is her individual property.   Where the plaintiff in an injunction seeks to restrain the execution of a judgment, on the ground that the property seized does not belong to the judgment debtor but to the plaintiff in the injunction, the question of ownership is the only one which can be examined.

The plaintiff in such a case is without interest, and therefore without right, to provoke any other issue; and with reference to the issue thus presented, the affidavit should be such as to disclose a distinct pecuniary interest, sufficient to authorize the application for a writ of injunction.   The allegations of the petition in this case are not supported by the affidavit.   The affidavit merely states that the Sheriff had "seized the individual property of the deponent."   There is no description whatever of the property seized, nor any statement of its value. Such an affidavit is too vague to form the basis of an injunction, and the court is not at liberty to refer to the petition, which is not sworn to, for the purpose of supplying by conjecture the defects of the affidavit.

The District Judge was right in dissolving the injunction.   The fee of the defendant's counsel was properly included in an assessment of damages.   It is not material to show that it had been actually paid; it is sufficient that a liability has been incurred for its payment.   3 An. 588.

Judgment affirmed.