14　333
o108　200

## H. Hereford *v.* V. Babin, Sheriff.

The District Court of the parish where a succession has been opened and is in due course of administra-
· tion, has exclusive jurisdiction of a claim against the succession.

A party has no right to enjoin the execution of a judgment, absolute and unconditional as to the mat-
ters it professed to decide, during a litigation as to other matters in controversy reserved by the
judgment.

An unliquidated claim cannot be pleaded, by way of compensation and injunction, against a judg-
ment.

APPEAL from the District Court of the parish of East Baton Rouge, *Beale*, J.
*A. M. Dunn*, for plaintiff and appellant.　*T. G. Morgan*, for defendant.

BUCHANAN, J.　In June, 1854, a judgment was rendered by the District Court
of East Baton Rouge, in the suit of *Leverich, Curator of Walsh*, v. *Amos Adams*
and *Harriet Hereford*, upon certain contracts and money transactions between
those parties, in relation to a sugar plantation and its cultivation; by which
judgment it was decreed that the plaintiff recover of the defendant, *Adams*, sever-
ally, a certain sum of money, with interest—of the defendant, *Hereford*, severally,
another sum of money, namely, $3846 66, with interest—of the defendants, *Adams*
and *Hereford*, jointly, another sum, being ten thousand, three hundred and seventy
dollars, with legal interest from the 8th December, 1851, until paid; and that the
rights of *Amos Adams* and of *Mrs. Harriet Hereford*, if any they have, to recover
of the estate of *Edward J. Walsh*, any sums due to them for the use and hire of
their slaves, horses, mules, &c., &c., in making or assisting to make and take off
the crops of sugar, &c., made on the Highland plantation be reserved to them, to
be enforced in due course of law.

In May, 1855, the Supreme Court, on appeal, affirmed the said judgment of
the District Court, with the exception of that portion which condemned *Mrs.
Hereford* to pay, severally, $3846 66, with interest.

Execution issued from the District Court against *Mrs. Hereford*, upon the
judgment thus affirmed, for $5185, with interest, being the one-half of the sum
in which there had been judgment jointly against herself and *Amos Adams*.

The present suit was commenced by injunction of said execution.　*Mrs. Here-
ford* claims in her petition to be creditor of the succession of *Walsh*, plaintiff in
execution, for the matters reserved in the judgment of the District and Supreme
Courts; that she have judgment against *Walsh's* estate for such indebtedness;
and that the amount of such judgment be imputed to the payment of the judg-
ment rendered against her, and upon which the execution had issued.

The defendant in injunction, plaintiff in execution, pleads :

1st.　"That the District Court of East Baton Rouge is without jurisdiction of
a claim against the succession of *Walsh*, which is opened and in course of admin-
istration, in the Second District Court of New Orleans.

2d.　That the writ of *fieri facias*, which is enjoined, issued upon a final judg-
ment of the Supreme Court, duly enregistered and made executory in this court;
that said judgment of the Supreme Court is absolute and unconditional, as to the
matters it professes to decide, and its execution cannot be enjoined by the plain-
tiff while litigating other matters in controversy, which the judgment has re-
served.

HEREFORD
*v.*
BABIN.

3d. That the allegations of the plaintiff's petition, on which an injunction was prayed, constitute a plea of compensation, which, as the petition shows, is an unliquidated demand, and cannot be set up by way of injunction against a judgment.

And prays, that the suit be dismissed, and the injunction dissolved, and for judgment against the principal and surety in the injunction bond for twenty per cent. damages under the statute, and for five hundred dollars special damages for counsel fees.

It appears from the petition and from the documents annexed, that the succession of *Edward G. Walsh* is opened and in course of administration, in the parish of Orleans, as alleged in the exception. This fact was also admitted on the trial of the exceptions.

The declinatory exception was well founded. C. P. 164, ₴ 2; 924, ₴ 13; 986.

Upon the second plea of defendants :

The right of a party to enjoin the execution of a judgment, absolute and unconditional as to the matters which it professed to decide, during the litigation of other matters in controversy, which the judgment has reserved, was expressly denied in *Henderson* v. *Wilcox*, 2d An. 502 ; which was a suit commenced by injunction of the judgment in *Wilcox* v. *Henderson*, 7 Rob. 328, under circumstances precisely similar to those of the present case.

Upon the third plea :

The claim set up in plaintiff's petition is evidently in the nature of compensation or offset of the judgment of defendant ; for the prayer of the petition is, that they be imputed to the payment of that judgment. Now, it is an elementary principle, that compensation only takes place between the debts which are equally liquidated and demandable. C. C. 2205. As a consequence of this principle, it is the settled jurisprudence of this court, that an unliquidated claim cannot be pleaded, by way of compensation and injunction, against a judgment. 10th An. 721 and 734.

The appellee prays that the judgment of the District Court be amended, by allowing him five hundred dollars as special damages for counsel fees, in addition to the allowance of damages by the judgment of the District Court. We think the circumstances of the case entitle him to the relief sought, to the extent of two hundred and fifty dollars.

It is, therefore, adjudged and decreed, that the judgment of the District Court be amended ; that the injunction herein issued be dissolved, and that the defendant, *William E. Leverich*, curator of the estate of *Edward J. Walsh*, recover of *Harriet Hereford* and *William F. Tunnard*, in solido, six hundred dollars as damages, and interest, at the rate of eight per cent., on the judgment enjoined, from the date of the injunction (26th of June, 1857) until paid, together with costs in both courts.

VOORHIES, J., absent.