## 1805.—H. PEYCHAUD et al. v. CITIZENS' BANK OF LOUISIANA.

Where mortgage creditors claim the proceeds of the sale of mortgage property made under a judgment, they cannot be permitted to allege the extinction of the judgment and the consequent nullity of the sale under which the proceeds were realized.

Where there are two separate debts, and to secure the payments of which two separate mortgages are given on the same property, the date of registry of the mortgages will determine the rights of the holders.

APPEAL from the Fifth District Court of the parish of Orleans. *Léaumont*, J. *A. & M. Voorhies*, for plaintiffs and appellants. *Semmes & Mott*, for defendant and appellee.

LUDELING, C. J. On the ninth of April, 1858, Littlejohn Brothers mortgaged their plantation to E. A. Rawlins, to secure the payment of a debt of $17,207, with eight per cent. interest per annum from the first April, 1858, and a note of $1039 14, with eight per cent. interest per annum from the first of March, 1859, and five per centum attorney's fees.

This mortgage was recorded on the fifteenth of April, 1858. On the ninth of July, 1859, Rawlins transferred this mortgage claim to Burbridge & Co.

On the thirteenth of July, 1859, Burbridge & Co. obtained a judgment against Littlejohn for the sums above stated, with a recognition of the mortgage of the ninth of April, 1858.

This judgment was duly recorded in the mortgage record in the parish of Assumption, where the plantation is situated, on the sixteenth of July, 1859.

On the twenty-eighth of March, 1860, Bellocq, Noblom & Co. paid this judgment to Burbridge & Co., and they were expressly subrogated to all the rights of Burbridge & Co.

On the thirtieth day of March, 1860, William Littlejohn executed a mortgage in favor of Bellocq, Noblom & Co.

In the act of mortgage he recites that he is largely indebted to Bellocq, Noblom & Co., and particularly "in first, a sum of $3500 paid by said firm for his account to Joseph B. Littlejohn ; and second, a sum of $23,275 33, paid by said firm for his account to J. W. Burbridge & Co., the transferees of E. A. Rawlins, which amounts had to be paid in conformity with the conditions of an act of sale from J. B. Littlejohn to him, said William Littlejohn, and an act of agreement with Willie G. Littlejohn."

It recites further that he is unable to pay his debts in cash, and is desirous to extend the same, and to have the aid of Bellocq, Noblom & Co. to carry on his business; and he mortgages his plantation, etc., to them to secure the debts due and to be contracted, not to exceed together $110,000, *exclusive* of interest.

The Citizens' Bank, under executions and judgments against Bellocq, Noblom & Co., seized all the rights, title and interest of Bellocq, Noblom & Co. in and to the judgment recovered by J. W. Burbridge & Co. against William Littlejohn; and at the sale the Citizens' Bank

bought the judgment. Execution was then issued under the judgment, and the plantation of Littlejohn was sold by the Sheriff to the bank for $31,000.

The plaintiffs, syndics of Bellocq, Noblom & Co., sued the Citizens' Bank to recover the price of the sale "for distribution in due course of law ;" and "in case the court should be of opinion that said bank, as adjudicatee of the judgment of J. W. Burbridge & Co. v. Littlejohn, is entitled to a *pro rata* portion of said fund, then that petitioners recover of said bank twenty-four thousand nine hundred and twenty-two dollars," with interest and costs. Several holders of notes drawn by Littlejohn and endorsed by him, which are secured by the mortgage executed in March, 1860, intervened and joined the plaintiffs in their demand against the bank.

The question presented for decision is, which mortgage is superior in rank, that of Burbridge & Co., acquired by the Citizens' Bank, or the mortgage executed by Littlejohn in favor of Bellocq, Noblom & Company ?

We say this is the question for decision, because it was admitted by plaintiffs' counsel in argument that the Burbridge judgment was not *novated*, and the act of the thirtieth March, 1860, itself clearly shows that the judgment is not *novated*.

Besides, the plaintiffs and intervenors are claiming the proceeds of the sale made under the judgment; they cannot be permitted, therefore, to allege the extinction of the judgment, and consequent nullity of the sale under which the proceeds were realized. Livaudais *v.* Livaudais, 3 An. 455.

It is, however, contended by the plaintiffs' counsel that the bank has no greater right than Bellocq, Noblom & Co. had in the judgment, and that the latter could not have asserted the priority of the Burbridge mortgage over theirs successfully.

This, we think, is an error. The principle announced in the case of Solzman *v.* his creditors, 2 R. 241, and Ventress *v.* his creditors, 20 An. 359, is not so broad as contended for by plaintiffs' counsel. In the case cited, parts or installments of *one debt* secured by a mortgage were transferred to third parties. The court held that the original mortgagee having sold a part of his claim, could not compete with his transferees for the proceeds of the mortgaged property.

In the case at bar, however, there are two separate debts and two distinct mortgages. And the rights of the holders of the debts secured by these two distinct mortgages must be determined by the dates of the registry of the mortgages.

The mortgage under which the Citizens' Bank claims is dated ninth April, 1858 ; the mortgage under which the plaintiffs and the intervenors claim was passed on the thirtieth March, 1860.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, and that the appellants pay the costs of appeal.