No. 29.—TARLETON, WHITING & TULLIS v. JAMES A. KENNEDY.   Rule on Mrs. M. E. THOMPSON et al.

A party cannot claim the nullity of a judicial sale and the fruits of the sale in one and the same action.   2 An. 681; 3 An. 454.
A peremptory exception may be pleaded as well after default as before.

APPEAL from Eleventh District Court, parish of Jackson.   *Watkins, J. Kidd & Smith*, for plaintiffs and appellants.   *R. W. & R. Richardson, H. Gray* and *Hamlett & Stevens*, for defendant and appellee.

WYLY, J.   An execution in favor of plaintiffs, issued on the twelve months' bond of the defendant, Kennedy, and D. R. Thompson, his surety, and the land of the latter was seized and sold by the sheriff on sixth October, 1866, to Mrs. M. E. Thompson for the price of fifty dollars over and above all the mortgages mentioned in the mortgage certificate made out by the Recorder of the parish of Jackson.   The property was adjudicated to the purchaser, who paid over the fifty dollars and retained the balance of the price bid to satisfy said mortgages.   The plaintiffs now sue the sheriff and Mrs. Thompson to compel the former to correct his return, and the latter to pay over in full the amount of her bid or enough thereof to satisfy their judgment, or in default thereof to recover judgment against her for the balance due on their execution, alleging that the mortgages on the certificate were for the most part paid or prescribed, or were not all conventional mortgages; that if it be found that said conventional mortgages be not out of date or prescribed, but properly. on the mortgage certificate, then the judicial motgages at least did not authorize the purchaser to retain a part of the price to satisfy them.

The defendant, M. E. Thompson filed a peremptory exception, on the ground that the petition discloses no cause of action against her, and because the plaintiffs do not show that they have sufficient inter-

Tarleton, Whiting & Tullis v. James A. Kennedy. Rule on Mrs. M. E. Thompson et al.

est in the sale to authorize the court to grant the judgment they ask. Plaintiffs thereupon moved that the exception of the defendant be taken for an answer because made after default had been entered. The court overruling the motion maintained the exception of the defendant. From the judgment dismissing their demand the plaintiffs have appealed.

The question raised by the pleadings is, have the plaintiffs shown a sufficient cause of action against the defendant, Mrs. Thompson? They claim the fruits of the sale, and yet set up such illegalities as would vitiate the sale. If Mrs. Thompson has not complied with her bid, unlawfully detaining the price to satisfy mortgages that have no actual existence, the sale might be annulled. If the mortgages have been paid or prescribed, such should be pleaded specially, and with certainty in an action contradictorily with the mortgage creditors.

Without testing the rights of the mortgage creditors by a direct action, they cannot proceed against Mrs. Thompson. She bid fifty dollars over and above the mortgages existing on the property as shown by the mortgage certificate. To require her to pay over the full amount of the price would not release her from the privilege and conventional mortgage creditors, and would, in effect, be requiring her to do what was not embraced in her bid. She only agreed to pay fifty dollars and the mortgages. If this was an illegal bid because there were judicial mortgages, for the payment of which the price could not be detained, the sale might be annulled; but having claimed its fruits the plaintiffs are bound by its terms. 2 A. 684; 3 A. 454.

Plaintiffs urge in their bill of exception that the peremptory exception filed after the default must be taken as an answer, citing as authority Stilley v. Stilley, and Lea v. Terry, 20 A. 428. They are not in point. A peremptory exception can be pleaded as well after default as before. But whether the peremptory exception be regarded as an answer or exception cannot change the result.