No. 2856.—R. F. THEURER *v.* MRS. JOHN G. KNORR — MOORE & HILL, Intervenors.

Mortgage creditors who appear as third opponents to claim the proceeds of the sale of the property under another mortgage can not be allowed to question the authority of the agent who gave the mortgage under which it was sold, for the reason that a party can not attack the validity of a sale and at the same time claim to be paid out of the proceeds.

APPEAL from the Fourth District Court of the parish of Orleans. *Théard,* J. *R. J. & A. A. Ker,* for plaintiff and appellee. *Lacey & Butler,* for intervenors and appellants.

TALIAFERRO, J. The plaintiff instituted an executory proceeding against certain real estate in New Orleans on which the defendant had, through an attorney in fact, given a mortgage to secure a loan of $9802 obtained by her from the plaintiff. Mrs. Knorr being an absentee, a curator *ad hoc* was appointed to represent her. After due proceedings had the mortgaged property was sold. Moore & Hill appeared by way of third opposition, claiming the proceeds of the sale as being creditors by special mortgage on the same property for the sum of $10,647, and prayed to be so recognized, and that the funds be applied to the payment of their debt. On the trial of the case in the court below the opposition was dismissed. From this judgment the opponents appealed. These parties allege that the mortgage upon which the plaintiff proceeded to sell the property is a simulation gotten up in fraud to shield the property from their pursuit. They aver further that if the note and mortgage were given in good faith they are nevertheless with-

out force and effect against the opponents, because the agent and attorney in fact of Mrs. Knorr was not authorized by the letter of attorney to borrow money from the plaintiff and mortgage property to secure its re-payment; his authority to borrow money was restricted by the mandate to a loan or loans to be obtained from a bank or banks, or any moneyed institution.

The evidence introduced by the opponents signally fails to establish that the mortgage executed by the agent of Mrs. Knorr in favor of the plaintiff was a simulated and fraudulent act. The objection that the agent was without authority to contract with the plaintiff for a loan of money is devoid of force. This, if a defense, is one personal to the defendant, and can not by our jurisprudence be set up by an intervenor or third opponent. 6 N. S. 676; 21 An. 118; ib. 52; ib. 500.

It is well settled that a party can not attack the validity of a sale and at the same time claim to be paid out of the proceeds. 21 An. 262; 22 An. 135.

We think the judgment of the lower court correct.

Judgment affirmed.