## No. 9320.

### CATHERINE M. AIKEN ET AL. VS. THOMAS P. LEATHERS ET ALS.

A bond given in an injunction-suit in the U. S. Chancery court, conditioned that the obligors will pay such damages as the party aggrieved may recover against them, can be sued on in our State Court before any recovery has been had, and for the purpose of effecting the recovery for which the bond provided.

Counsel fees for obtaining the disposition of the injunction are an element of damage in our practice in suits upon such bonds, and are recoverable therein. Therefore an exception of no cause of action, based upon the non-recoverability of such damage in an action upon the bond, will not be sustained.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston, J.*

*Thomas L. Bayne* for Plaintiff and Appellant.

*Kennard, Howe & Prentiss* and *Chas. S. Rice* for Defendants and Appellees.

---

The opinion of the Court was delivered by

MANNING, J. The plaintiffs are the legal representatives and partners of Joseph A. Aiken who leased the wharves of New Orleans for five years. Leathers pending that lease filed a bill in the U. S. Circuit Court attacking the validity of the lease, resisting its enforcement, and obtained an injunction restraining the collection of dues and fees under it. The bond given under order of court was for five thousand dollars and the condition is that the obligors will pay "all such damages as he may recover against us in case it should be decided that the

injunction was wrongfully obtained." After an interval of several months the injunction was dissolved and the bill of complaint was thereafter abandoned.

This suit is upon that bond. The damages suffered are laid at five thousand dollars counsel-fees and four hundred and ten dollars other expenses.

The defendants excepted, that the bond is null and void but if valid, is not exigible, and that the petition shews no cause of action.

The bond is claimed to be null because it was given in a chancery suit in the U. S. Court and the condition of it should have been to pay such damages as were sustained. It is claimed not to be exigible because the condition is that such damages will be paid as the party aggrieved may recover and none have yet been recovered—this condition having been interpreted in Bein vs. Heath, 12 How. 168, to mean such as may be recovered in a suit in the chancery court.

This identical question was before us in Block v. Myers, 35 Ann. 220, presented in the same form with reliance upon the same authority. The case is not reported in the Annual but merely digested. We therein held "that the bond in this case did comply with the condition prescribed in the Judge's order and that it was a valid bond. It may be as held in the second place that, in Courts of Equity, the bond thus conditioned was not actionable, until its condition was broken. But in our jurisprudence it is elementary, that before our courts an action on such a bond will be maintained without first showing that the condition was broken. The terms of this bond were judicially interpreted thirty years ago, and have since been uniformly understood to mean that the surety on the injunction bond may be proceeded against in the same suit as the principal obligor. Parham vs. Cobb, 7 Ann. 157. We therefore conclude that there is no force in the exception."

The lower judge overruled the exception on the authority of that decision and we sustain his ruling thereon, but he maintained the exception of no cause of action so far as it applies to the claim for counsel-fees and having thus stricken from the petition the main demand, the plaintiffs have appealed.

The ground of his ruling was that counsel-fees are not recoverable in the U. S. Courts in an action upon an injunction-bond.

However that may be there, nothing is more usually claimed in our courts as an element of damage in those suits than counsel-fees. It is safe to say that such claim is always made in our courts, not only in actions upon the bond, but before and without any suit on the bond, in the answer to the injunction suit.

Following and applying our decision in Block vs. Myers we hold that the bond is valid and exigible, and we do not very well see how in a suit upon such bond before us we can do otherwise than maintain the rights of the party to include in his claim for damages an item or element that has always entered into them in our practice and has been sanctioned by our jurisprudence.

We do not touch the question whether they had suffered damage in the matter of counsel-fees to the extent claimed, nor whether they ought to recover any at all in this case, but merely that the inclusion of a claim for such damages in their demand is not ground for exception of no cause of action, and that they are recoverable in a suit upon an injunction-bond.

It is therefore ordered and decreed that the judgment of the lower court is reversed, the exceptions are over-ruled, and the case is remanded to the lower court to be proceeded with according to law, the defendants paying costs of appeal.

BERMUDEZ C. J. having dissented in the Block case, which is on writ of error to the U. S. Supreme Court, abstains from participating herein.