No. 9556.

CARONDELET CANAL AND NAVIGATION COMPANY AND BERTRAND SALOY VS. OTTO TOUCHÉ AND FREDERICK HOLLANDER.

The dismissal of an injunction suit on an exception is equivalent in law to a judgment decreeing the injunction to have been wrongfully obtained.

An action in damages following such a judgment, by the defendants in the injunction suit, involves but one question, and that is the quantum of damages to be allowed.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe*, J.

*H. D. Ogden* and *Blanc & Butler* for Plaintiffs and Appellees.

*A. A. Ker* and *J. Duvigneaud* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J. This is an action for damages alleged to have been caused by a writ of injunction sued out against plaintiffs by the defendant, Touché, and decided to have been wrongfully obtained.

The demand is for the sum of two hundred and fifty dollars, amount of the injunction bond, against Touché as principal and against Hollander as surety *in solido*, and against Touché alone in the additional sum of $2,255 25 for actual costs and for exemplary damages.

Both defendants have appealed from a judgment against them *in solido* in the sum of two hundred and fifty dollars. Plaintiffs pray for an amendment so as to increase the judgment against Touché individually to the full amount of their demand against him.

Under the pleadings, no judgment in excess of $250 could possibly have been or be now rendered against the defendant, Hollander, the surety on the injunction bond; therefore, we have no authority to examine or revise the judgment rendered against him, and hence we cannot consider his appeal.

As to the principal defendant, the record shows that on exception his suit against the canal company was dismissed, and that as to the other defendant, Saloy, he was ordered to amend his pleadings within a reasonable time, failing in which his action against Saloy was also dismissed.

Under this condition of things, the legal conclusion is that the writ of injunction had been wrongfully obtained, and in the present controversy the only question to be discussed is the amount of damages sustained by the original defendants in injunction, plaintiffs herein. Barrimore vs. McFeely 32 Ann. 1179.

The record shows that plaintiffs paid the sum of $250 as counsel fees for their defense in the injunction proceedings; and this is the amount allowed as damages by the district judge.

We have searched in vain from the evidence any proof of additional damages caused to plaintiffs by the injunction; hence, we find no grounds or authority to justify the increased allowance prayed for by plaintiffs.

We do not feel disposed or even authorized to inflict exemplary damages on a party who conceived that he was legally entitled to the writ of injunction which he had applied for.

It is therefore ordered that the appeal of Frederick Hollander be dismissed at his cost, and that the judgment against Otto Touché be affirmed, with costs in both courts.