## No. 10,319.

### LOUIS LEMEUNIER VS. A. J. McCLEARLEY.

No increase of damages for attorney's fees will be allowed on the dissolution of an injunction, for services rendered in this court, when it appears from the record that the petition in the original suit was amended by covenant of parties to give this court jurisdiction.

It is well settled that the dissolution of an injunction is *prima facie* evidence that the defendant has sustained damages and is conclusive and *res adjudicata* as to the issues raised on the dissolution.

APPEAL from the Ninth District Court, Parish of Concordia.
     *Young*, J.

*Luce & Lemle* for Plaintiff and Appellee.

*Steele & Dagg* and *J. G. Leache* for Defendant and Appellant.

The opinion of the Court was delivered by

McENERY, J.  Plaintiff sued the defendant for damages for the wrongful suing out of an injunction and claimed damages to the amount of $3200 for attorney's fees, actual expenses incurred in defense of the suit, costs, loss of time, mental distress, etc.

The suit in which the injunction issued, and out of which this one is the consequence, is reported in 40 Ann. p. 253, in which the judgment of the lower court rejecting plaintiff's demand and dissolving the injunction was affirmed.

It is well settled that the dissolution of an injunction is *prima facie* evidence that the defendant has sustained damage and is conclusive and *res adjudicata* as to the issues raised on the dissolution.

The main contention in that suit was to have a road, which the plaintiff claimed was public, declared a public highway.  The plaintiff caused an injunction to issue, restraining the defendant from obstructing said road pending the suit.  An answer was filed, putting at issue the proprietorship of the road.  There was no effort made to bond the injunction; no motion to dissolve was filed, and no mention made of the injunction proceeding in the answer.  It appears that all the efforts of the attorneys were directed to defeating the demand on the merits. The dissolution of the injunction was only incidental to the result of the litigation, and when the demand of plaintiff was rejected the injunction went with it.  There were no services rendered for the release of the property from the effects of the injunction.  It is in evidence also that the pleadings were amended in the court below, by consent, so as to give this court jurisdiction.  Under such circumstances it is clear that no claim for attorney's fees can be allowed for services on the appeal.

The only damages which can be allowed are those which result from the operation of the injunction, independent of the principal demand. 34 Ann., p. 344; 37 Ann. 132.

The plaintiff in the original suit, although mistaken in his rights, undoubtedly believed that he was prosecuting a valid claim.  The road

had for many years been open to the public; had been treated as a public road, and the police jury had declared it a public road.

The plaintiff in this suit was, by the injunction, deprived of the exclusive use of his private property, and was annoyed, inconvenienced by its operation. His road was damaged and a portion of his crop destroyed by wagons passing from the road into his field. His trade was interrupted and his businsss to a certain extent suffered. The jury rendered a verdict of two hundred dollars in his favor.

The evidence fails to satisfy us that it was manifestly erroneous, and it is, therefore, affirmed.