### No. 12,026.

#### T. R. ARMISTEAD VS. ARDIS & CO. ET AL.

An injunction by an alleged judgment creditor against the execution of judgments of other creditors can not be sustained, if the judgment on which the injunction is based is shown to be without basis, a simulation and void.

In dissolving such injunction, a reasonable attorney's fee should be allowed defendants, as damages. Code of Practice, Art. 304; Amendment R. S. S. 1755.

A PPEAL from the Second Judicial District Court for the Parish of Bienville.   *Watkins, J.*

*J F. Pierson* for Plaintiff, Appellant.

*L. K. Watkins, W. U. Richardson, D. W. Stewart* and *J. E. Reynolds* for Defendants, Appellees.

Argued and submitted January 24, 1896.
Opinion handed down February 10, 1896.

The opinion of the court was delivered by

MILLER, J.   This is an appeal by plaintiff from the judgment of the lower court, dissolving his injunction, restraining the execution of judgments of defendants against Theus & Armistead, and the members of the firm.

This litigation is part of that the subject of the decision just rendered in Gladney *et al.* vs. Manning, Sheriff *et als.*, *ante* p. 316.   In that case the plaintiffs therein enjoined the execution of the judgment of T. R. Armistead against Theus & Armistead, and asked for a decree annulling that judgment.   Our judgment maintains that injunction and annuls the judgment.   In this suit T. R. Armistead based his injunction on the judgment now annulled.   Of course, his alleged judgment being annulled, the injunction based on it must fall as decreed by the lower court, and as we have determined in the case between these parties just decided.

The plaintiff seized under his judgment.  Defendants enjoined, and, under cover of their injunction, sought to sell the property first seized by plaintiff.   Thereupon he enjoined.   It is urged on his behalf his injunction was made necessary by that of the defendants; that he resorted to an injunction only to preserve the privilege he supposed he acquired by his seizure.   This is urged on us, in answer to defendants' demand for damages for the dissolution of the plaintiff's injunction.   Under the amendment to the Code of Practice, interest and damages are to be allowed defendant when the injunction

21

of plaintiff in the suit is dissolved. Code of Practice, Art. 304. Amendment R. S. S. 1755. The lower court refused damages, but reserved defendants' right to sue. We are asked to amend the judgment and give damages.

Under the law the damages to be awarded on the dissolution of the injunction is discretionary up to twenty per cent., unless damages to a greater amount be proved. We are not impressed with the claim for damages beyond the demand that the defendant be allowed the attorney's fee for dissolving the injunction. A reasonable amount for such fee is usually allowed in dissolving the injunction. We are asked to give five hundred dollars.· In the matter of assessing fees, this court is expected to exercise its judgment, guided, but not controlled, by the testimony. We think two hundred and fifty dollars would be reasonable.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be amended so as to allow defendants two hundred and fifty dollars hereby decreed to be recovered of plaintiff and his sureties *in solido* on the injunction bond, and as thus amended the judgment of the lower court be affirmed with costs.