(129 So. 731)

## ALBERT PICK & CO. v. STRINGER.
### No. 30304.

July, 1930.

Rehearing Denied July 19, 1930.

Henry G. McMahon, of New Orleans, for appellants Buena Vista Apartments, Inc., and John R. Perez.

George A. Dreyfous, Frank B. Twomey, and Henry G. McMahon, all of New Orleans, for appellant Felix J. Dreyfous.

Lazarus, Weil & Lazarus, of New Orleans (Herman S. Lindy, of New Orleans, of counsel), for appellees.

BRUNOT, J.

The plaintiff held a chattel mortgage on certain items of personal property belonging to the defendant. The indebtedness secured by the mortgage was not liquidated, and plaintiff caused executory process to issue thereon. The building in which the mortgaged chattels were placed was then owned by the Buena Vista Apartments, Inc., and it was occupied by defendant as lessee of that corporation. The Buena Vista Apartments, Inc., upon application to the court and the furnishing of bond, obtained a restraining order temporarily restraining the execution of the writ ordering the seizure and sale of the mortgaged property, and a rule upon the plaintiff to show cause on a fixed day, why a preliminary injunction should not issue restraining the said sale pending a decision of the case on the merits. The United States Fidelity & Guaranty Company of Baltimore, Md., became the surety on the bond of the Buena Vista Apartments, Inc., and John R. Perez became the warrantor of the Buena Vista Apartments, Inc., the principal on the bond. The plaintiff ruled the principal and surety on said bond into court to show cause why the temporary restraining order should not be recalled and why the respondents in the rule should not be condemned to pay to plaintiff, in solido, statutory damages for the wrongful obtention of the restraining order and $500, as attorneys' fees for dissolving it. This rule was argued and submitted to the court on the pleadings. The rule was made absolute, the restraining order was dissolved, the right of plaintiff to recover damages and attorneys' fees from Buena Vista Apartments, Inc., and its surety on the bond, was reserved to plaintiff, and the rule of the Buena Vista Apartments, Inc., for a preliminary injunction was denied. There was no appeal from this judgment, and it has long since

become final. The judgment was rendered March 25, 1929. Thereafter, on April 22, 1929, Felix J. Dreyfous purchased the property in which the mortgaged chattels were placed. Upon acquiring the property, he intervened in the suit. As intervener and third opponent, he filed an original and supplemental petition in which he attacked the validity of plaintiff's chattel mortgage and asserted a prior lien upon the proceeds to be realized from the sale of the mortgaged property. Plaintiff excepted to the petitions of intervention and third opposition as not disclosing a cause or right of action. This exception was heard and maintained, the petition of intervention and third opposition was dismissed, and intervener appealed from that judgment. Plaintiff then filed a rule upon Buena Vista Apartments, Inc., and its surety, the United States Fidelity & Guaranty Company, to show cause, on a fixed day, why judgment should not be rendered against them, in solido, for statutory damages for wrongfully obtaining the order restraining the seizure and sale of the mortgaged chattels, and for $500 as attorneys' fees for dissolving that order. In its answer to this rule the United States Fidelity & Guaranty Company called the Buena Vista Apartments, Inc., and John R. Perez in warranty. The rule was heard, and judgment was rendered thereon in favor of the plaintiff and against the Buena Vista Apartments, Inc., and United States Fidelity & Guaranty Company, in solido, for $500 attorneys' fees. Each respondent in the rule perfected a separate appeal from the judgment. The call in warranty of the Buena Vista Apartments, Inc., and of John R. Perez, by the United States Guaranty & Fidelity Company, was then heard and judgment was rendered in favor of the United States Fidelity & Guaranty Company and against the two warrantors, in solido, for

$100. Each of the warrantors perfected a separate appeal from this judgment. Five appeals, from three of the judgments, were perfected, viz.: Mr. Dreyfous appealed from the judgment dismissing his intervention; Buena Vista Apartments, Inc., and United States Fidelity & Guaranty Company appealed from the judgment against them for $500 attorneys' fees; and Buena Vista Apartments, Inc., and John R. Perez appealed from the judgments against them as warrantors.

The seriously contested issues in the case are whether or not attorneys' fees may be recovered for dissolving a temporary restraining order, and, whether or not the exception of no cause or right of action to the intervention filed by Felix J. Dreyfous is well founded.

Plaintiff has answered the appeals of the Buena Vista Apartments, Inc., and the United States Fidelity & Guaranty Company from the judgment against them awarding the plaintiff $500 as attorneys' fees, and prays that said judgment be amended by allowing plaintiff an additional 10 per cent. thereon as damages for a frivolous appeal, and, as thus amended, that the judgment be affirmed.

The Buena Vista Apartments, Inc., has filed, in this court, exceptions of no right or cause of action to the rule to show cause why a judgment for damages and attorneys' fees should not be rendered against it for the wrongful issuance of the order temporarily restraining the seizure and sale of the mortgaged chattels; and, the Buena Vista Apartments, Inc., and John R. Perez have each filed the same peremptory exceptions to the call in warranty by the United States Fidelity & Guaranty Company.

Buena Vista Apartments, Inc., and the surety on its bond, contest plaintiff's right to recover attorneys' fees for dissolving the

wrongfully issued restraining order, and Felix J. Dreyfous contends that the exceptions to his original and supplemental petitions of intervention and third opposition are not well founded and should not have been maintained. We will consider these contentions in the order stated.

It is the settled jurisprudence of Louisiana that such damages as may be sustained by the defendant in an injunction suit because of a wrongfully obtained injunction are recoverable from the plaintiff therein and the surety on his bond. Code Prac. art. 304; Rev. St. 1755.

Reasonable attorneys' fees for dissolving a wrongfully obtained preliminary injunction is an item of damage which should be allowed. White v. Givens, 29 La. Ann. 571; Aiken v. Leathers, 37 La. Ann. 482; Armistead v. Ardis, 48 La. Ann. 320, 19 So. 278.

The dissolution of a preliminary injunction is prima facie evidence of damage. Florance v. Nixon, 3 La. 289; Barrimore v. McFeely, 32 La. Ann. 1179; Canal & Navigation Co. v. Touche & Hollander, 38 La. Ann. 389; Conery v. Coons, 33 La. Ann. 374; Lemeunier v. McClearley, 41 La. Ann. 411, 6 So. 338.

The two appellants from the judgment awarding the plaintiff attorneys' fees contend that Act No. 29 of 1924 is patterned after the Federal Injunction Law (28 USCA §§ 381–383), and the rules and procedure of the federal courts relative to injunctions were, presumably, adopted with the passage of that act, and, therefore, attorneys' fees should not be allowed as an element of damage for the illegal issuance of an injunction. This contention is in direct conflict with the settled jurisprudence of this state which we have announced supra, and we therefore hold that it is without merit. The second contention of appellants is that attorneys' fees should

not be allowed in this case because it is not shown that the attorneys' fees have actually been paid, or that plaintiff has incurred an obligation to pay a *sum certain* for the service rendered. This court has held that a *reasonable* attorney's fee for dissolving a wrongfully obtained injunction may be allowed, without proof, where the award of damages does not exceed 20 per cent. of the amount enjoined. Rivet v. Murrell Planting & Manufacturing Co., 121 La. 204, 46 So. 210, 126 Am. St. Rep. 320; Meaux v. Pittman, 35 La. Ann. 362; Hereford v. Babin, 14 La. Ann. 333; McRae v. Brown, 12 La. Ann. 181; Jones v. Doles, 3 La. Ann. 588; Brown v. Lambeth, 2 La. Ann. 822.

In this case executory process issued upon a mortgage indebtedness of $19,389.07, and the total damage allowed in the judgment is $500. Appellants' third contention is that the motion to dissolve the restraining order was filed during the progress of the trial of the rule to show cause why a preliminary injunction should not issue, and therefore the services of the attorney were necessarily performed in preventing the granting of that order. The minutes of the court, as they appear in the transcript, do not show that the rule to show cause why a preliminary injunction should not issue was ever called for trial. The transcript is not as clear as it might be, but a reading of it leads us to the conclusion that counsel for Albert Pick & Co., on page 2 of their brown brief, correctly state the facts. They say:

"An examination of the transcript in this case will show that the only pleading interposed by appellee to the petition for injunction was this rule to show cause why the restraining order should not be dissolved. This rule was filed before the case was taken up, and was really the only issue tried by his

Honor, Judge Skinner. This rule to show cause was tried on the face of the papers, and after considering the legal points involved, and without the taking of any testimony, the temporary restraining order was dissolved."

This finding of fact is destructive of the appellants' contention. The appellants' fourth contention is as follows:

"The injunction suit being instituted solely for the purpose of obtaining an injunction, and the temporary restraining order being dissolved by an exception of no cause of action, the services rendered by plaintiff's counsel were actually rendered in a defense of the suit, and hence counsel fees would not be assessable."

Counsel has met a delicate situation by an adroit but specious defense. The record shows that the intervention of Felix J. Dreyfous was dismissed on exceptions of no right and no cause of action, but the restraining order was dissolved by judgment on a rule.

Counsel for appellants cite the case of Chavis v. Trimble, 15 La. App. ——, 124 So. 703, 705, in which case attorneys' fees for dissolving a temporary restraining order were not allowed. The application for attorneys' fees was first made in an answer to the appeal, and in disposing of this plea the court concluded its opinion as follows:

"The facts of this case are somewhat unusual, and, because they are, we deem the case one in which such fees should not be allowed."

In that case the disallowance of attorneys' fees was based upon unusual facts. In the opinion the court said that no case had been cited holding that attorneys' fees should be allowed for dissolving a temporary restraining order. That utterance was the mere statement of a fact, not a conclusion of law. Restraining orders granted upon the furnishing of bond have, under the provisions of Act No. 29 of 1924, the same temporary force and effect as preliminary injunctions. The restraining order stays action pending judgment on the application for a preliminary injunction, and the latter writ stays action pending the hearing of the merits of the case. Damage to a litigant to the fullest extent possible during the life of a preliminary injunction may be sustained while the restraining order is in force; therefore, there is no sound reason in law why the interest of the defendant in injunction should be protected, but his right to recover damages for the wrongful issuance of a restraining order should be denied to him if he proceeds to that end timely and properly.

In the absence of contract, the value of services is fixed upon a quantum meruit. In this case counsel filed a rule to show cause why a restraining order staying the seizure and sale of mortgaged property should not be dissolved. This rule was taken up, argued, and submitted on the pleadings. For this simple service the trial judge allowed $500. We think this sum is excessive, and that it should be reduced to $250.

In considering the plaintiff's answer to the appeal and prayer for statutory damages for a frivolous appeal, we are of the opinion that the appeal was not frivolous. The correctness of this conclusion is apparent because we have found that the judgment appealed from is excessive and we have substantially reduced it.

We have reached the conclusion that the exceptions of no right and no cause of action to the intervention and third opposition of Felix J. Dreyfous were properly sustained. Mr. Dreyfous had no interest in, and it does not appear that he had any connection with, the real estate or the buildings thereon, in

which the mortgaged chattels were placed, at any time prior to or when this suit was filed. He acquired the property, together with the lessor's rights under the lease, thirty-eight days after the executory process had issued, and eighteen days after the restraining order issued in the injunction suit of the Buena Vista Apartments, Inc., had been dissolved, and its application for a preliminary injunction had been denied. As intervener and third opponent, Mr. Dreyfous, attacks the validity of the chattel mortgage upon which the executory process issued, and, as lessor, he asserts a prior lien upon the proceeds to be realized from the sale of the mortgaged chattels. Intervener alleges several grounds in his petition of intervention, which, if sustained by proof, would, in a proper proceeding, affect the validity of the chattel mortgage, but, for the reasons which will follow, these allegations cannot be considered. It may be remarked that intervener's pleas are inconsistent. He attacks the validity of the mortgage, but claims the proceeds *to be* realized from the execution of the writ of seizure and sale.

 It is our opinion that the third opposition is not the remedy afforded for determining the rank of valid and subsisting claims. The law provides another remedy for determining the validity or legality of such claims. This court has uniformly held that an opposition will not lie where the opponent attacks the validity of the judgment or mortgage and in the same action claims to be paid by preference out of the proceeds realized from the sale of property. Theurer v. Knorr, 24 La. Ann. 597; Tarleton v. Kennedy, 21 La. Ann. 500; Peychaud v. Citizens' Bank, 21 La. Ann. 262; Livaudais v. Livaudais, 3 La. Ann. 454; Layman v. Succession of Woulfe, 136 La. 767, 67 So. 823. The last-cited case merely holds that an intervener must take the case as he finds it.

As intervener attacks the validity of the mortgage upon which execution issued, and, at the same time, claims the proceeds realized from its foreclosure, his petition does not disclose a right of action.

We have considered the two exceptions filed in this court by Buena Vista Apartments, Inc., and the exception filed here by John R. Perez. In amending and affirming the judgment awarding attorneys' fees for dissolving the restraining order, we necessarily held that the rule to show cause why attorneys' fees should not be allowed disclosed a right and cause of action. The calls in warranty of the Buena Vista Apartments, Inc., and John R. Perez appear proper and disclose a cause of action. These exceptions are therefore overruled.

For the reasons stated it is decreed that the judgment for $500, rendered on the rule to show cause why damages and attorneys' fees should not be allowed for dissolving the order restraining the seizure and sale of the mortgaged chattels be reduced to $250, and, as thus amended, it is affirmed. It is further decreed that the two other judgments appealed from be affirmed, and, as Buena Vista Apartments, Inc., is appellant from a judgment which is not disturbed, it is ordered that the costs of this court be prorated among the appellants.

O'NIELL, C. J., dissents from the ruling allowing an attorney's fee for dissolving a temporary restraining order, and is of the opinion that, even if a restraining order should be deemed an injunction, the allowing of an attorney's fee for dissolving it, without proof that the fee was paid or the obligation therefor incurred, in a case other than an injunction arresting the execution of a money

judgment, is contrary to the rulings in Whitney-Central Bank v. Sinnott, 136 La. 95, 66 So. 551; Alfano v. Franek, 159 La. 498, 105 So. 598; and Burglass v. Villere, 170 La. 805, 129 So. 209.