No. 4271

Second Circuit

## RICHARDS v. ROUDILION

(March 16, 1932.   Opinion and Decree.)
(April 5, 1932.   Rehearing Refused.)

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for plaintiff, appellee.

Wilson & Abramson, of Shreveport, attorneys for defendant, appellant.

PALMER, J.   Plaintiff, alleging himself to be the owner of a beauty parlor, known as the "Hollywood Shop," in the city of Shreveport, and as having been in the undisturbed possession, ownership, and enjoyment thereof for more than one year, and that defendant has taken possession of funds belonging to said shop and of the key thereto, and is interfering with him in the operation and enjoyment of the said property by persisting in remaining upon the premises without right, etc., seeks an injunction against defendant prohibiting her from in any way interfering with him in the conduct of said business.

He asks that the defendant be cited to show cause on a date to be fixed by the

court why a preliminary writ of injunction should not issue, as prayed for. He further alleges that he is entitled to a temporary restraining order against defendant, upon furnishing a bond according to law.

On the day the suit was filed (March 16, 1931), the court issued a rule nisi directed to the defendant, ordering her to show cause on the 20th day of March, 1931, at 10 o'clock (a. m.), why a preliminary injunction should not issue in this case, as prayed for. Also, on the same date, the court signed an order directing that a temporary restraining order be issued against the defendant, upon plaintiff furnishing bond in the sum of $500, with good and solvent security and conditioned according to law, temporarily restraining and prohibiting her from in any way interfering with plaintiff in the conduct, control, and operation of the said beauty parlor, and specified that the said restraining order would expire on the 20th day of March, 1931.

Based upon this order, a temporary restraining order was issued on the 16th day of March, 1931, and served on the defendant on the same day.

On the 19th of March defendant filed an answer to the merits of plaintiff's petition. This answer was likely filed in the clerk's office, for it does not appear to have been noted in the minutes of the court until March 21st. In the answer, after denying the material allegations of plaintiff's petition, defendant alleges that, at the time the restraining order issued, she was in complete control of the business as the active managing partner of the plaintiff, pursuant to an agreement of partnership entered into on December 5, 1930, under which she alleges she became an equal partner with plaintiff in the operation of the business. She denies that

plaintiff was ever in active charge of the shop.

Defendant further alleges that plaintiff obtained said restraining order solely for the purpose of appropriating to himself her interest in the shop and in order to deprive her of her rights as an equal partner. She alleges that the restraining order was sued out maliciously and without any justification whatever, in an attempt to harass and embarrass her.

She further alleges that, by virtue of the wrongful issuance of the said restraining order, she has suffered damages as follows:

For loss of salary........................................$ 25.00
For humiliation, embarrassment, mental anguish and worry............ 250.00
For attorney's fees to obtain a dissolution of the restraining order.... 200.00

-----------

$475.00

She prays that the demands of plaintiff be rejected; that the writ of injunction sought by plaintiff be denied; that the restraining order be dissolved, and for judgment against plaintiff in the amount of $475, for damages covering the items above mentioned.

On the 6th day of May, 1931, counsel for plaintiff filed an objection to the allowance of the answer of defendant on the grounds that it came too late, and on the same date also filed a motion to strike out a portion of the allegations of the answer, on the grounds that the restraining order had expired by its own terms, and that no answer to the rule "nisi" was filed on the return date, and that there were no issues between plaintiff and defendant, and that the allegations relative to damages should be stricken out. On May 7th, the day the case was called for trial, the court overruled the objection to the allowance of

the answer, and the motion to strike out was denied; so plaintiff thereupon dismissed his petition by entering a voluntary nonsuit.

The lower court rendered judgment in favor of plaintiff authorizing and confirming his action in taking a voluntary nonsuit, in so far as the demands of plaintiff were concerned, and rejecting the reconventional demands of defendant. Under the judgment, plaintiff was condemned to pay the cost up to the date of nonsuit, and thereafter all costs incurred were ordered paid by the defendant. From this judgment, the defendant in the main demand, and plaintiff in reconvention, prosecutes this appeal.

The only issue now before the court is the claim of defendant for damages on her reconventional demand. Counsel for plaintiff contend that the reconventional demand of defendant cannot lie because it is not necessarily connected with and incidental to the main demand. The right of a defendant in any suit to institute a demand in reconvention is governed by Act No. 50 of 1886, amending and re-enacting article 375 of the Code of Practice. Under that statute, where plaintiff and defendant are both residents of the same parish, it is necessary that the reconventional demand be necessarily connected with, and incidental to, the main demand.

But this article of the Code of Practice contains this proviso: "That in all cases of arrest, attachment, sequestration, provisional seizure and injunction, the defendant may in the same suit, by reconventional demand, recover from the plaintiff the damages he may have sustained by the illegal resort to such writ." Defendant, as a basis of her claim for the damages, alleges "that by virtue of the restraining order which plaintiff caused to be issued on March 16, 1931, your respondent has been damaged in the following particulars, to-wit," and she then sets out her items of damages.

The further argument is made by plaintiff's counsel that a temporary restraining order is not an injunction, and hence is not included in the above-qouted proviso. In the case of Albert Pick & Co. v. Stringer, 171 La. 139, 129 So. 731, 734, the Supreme Court said:

"Restraining orders granted upon the furnishing of bond have, under the provisions of Act No. 29 of 1924, the same temporary force and effect as preliminary injunctions. The restraining order stays action pending judgment on the application for a preliminary injunction, and the latter writ stays action pending the hearing of the merits of the case."

Under this decision, temporary restraining orders are in the same class as injunctions. Therefore defendant has the right by demand in reconvention to sue for such damages as she has alleged, but in such reconventional demand she assumes the position of plaintiff and carries the burden of proving, not only the damages she alleges, but the wrongful issuance of the temporary restraining order as well. Let us see if she has discharged that burden. There is attached to defendant's answer a document she alleges was her contract of partnership, but, upon the trial of the case, this document was not offered in evidence. The only testimony bearing upon the alleged partnership was developed by the trial judge, and, at most, the answers of defendant to the questions propounded to her by the court amount to conclusions of law only.

Whether there was such a partnership depends upon an agreement the defendant had with plaintiff, if there did in reality exist such an agreement. The document defendant alleged upon and attached to her answer, as already stated, was not offered in evidence. Therefore we cannot hold

that the defendant proved the first essential of her claim, viz., the wrongful issuance of the temporary restraining order. It certainly was necessary for her to prove, as she alleged, that she was a partner in the business, if she established her claim of the wrongful issuance of the restraining order. As we read this document, even had it been introduced in evidence, it would not have been self-evident proof of a partnership. It is clearly susceptible of an interpretation of a contract to sell, and hence it would have taken parol evidence to have proved the intention of the parties.

Counsel for defendant seem to accept the principle that they had not offered any proof to show the wrongful issuance of the restraining order. They rely upon the fact that the voluntary nonsuit by plaintiff was an admission on his part of the wrongful issuance of the restraining order. They refer to the cases of Ludwig v. Kohlman, 5 La. Ann. 298, and Barthe v. City of New Orleans, 42 La. Ann. 43, 7 So. 70, as sustaining these views. We do not find that the principles enunciated in these cases are applicable to the case at bar.

As previously stated, the temporary restraining order issued March 16th and, by its very terms, expired March 20th. The voluntary nonsuit was not entered until May 7th. Therefore, when the nonsuit was taken, the temporary restraining order had been extinct for several weeks. In other words, the voluntary dismissal by plaintiff of his suit could have no bearing whatever upon the temporary restraining order. He did not nonsuit the restraining order, for it had expired by limitation long previous to the dismissal of the suit. To hold that a voluntary nonsuit of the main action in this case is an admission on the part of plaintiff that the temporary restraining order wrongfully issued, when that order had expired weeks before, is indeed stretching the doctrine enunciated in the two cases relied on by defendant.

In our view of the situation, defendant failed to prove the wrongful issuance of the temporary restraining order, and, without affirmatively establishing that fact, her claim for damages necessarily falls.

The judgment of the lower court is therefore affirmed; defendant, appellant, to pay all cost of the appeal.

———

DREW, J. (dissenting). I respectfully dissent from the majority opinion of the court, for the reason that the plaintiff in rule abandoned the restraining order he had issued by failure to ask for its extension, together with his failure to appear and proceed with his application for temporary injunction on the date fixed for hearing on the rule nisi, which was the same date of the expiration of the restraining order (Act No. 29 of 1924); and later, on the day of trial, dismissed his case as of nonsuit. His actions had the same effect as a judgment rendered contradictorily and decreeing the restraining order to have been wrongfully issued. Barthe v. City of New Orleans, 42 La. Ann. 43, 7 So. 70. His actions can be reasonably construed as an admission or confession that the restraining order had been wrongfully obtained, and defendant in rule was relieved from proving the wrongful issuance of the restraining order.

Furthermore, the restraining order was not issued in conformity with Act. No. 29 of 1924, which reads as follows:

"Every such temporary restraining order shall be endorsed with the date and hour of issuance." Section 2.

This was not done. "Shall forthwith be filed in the Clerk's Office and entered of record." The record fails to disclose that this was done. "Shall state why the order was granted without notice." It fails to so state or attempt to state.