COOK *vs.* STATE OF LOUISIANA.

COOK
*vs.*
THE STATE.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, FOR THE PARISH OF
NATCHITOCHES, THE JUDGE THEREOF PRESIDING.

16L 288
51  482

Where a party is condemned as surety on a bail bond, *without notice* of judgment *ni si*, or a copy served on him, his remedy is by appeal, and not injunction.

If a judgment is so illegal as to be a nullity, an action of nullity and not an injunction should be resorted to.

This case commenced by injunction. The state having recovered a judgment against one Anding on his recognizance or bail bond, to answer an indictment and prosecution for assault and battery with intent to kill. There was a like judgment against the present plaintiff, as surety in said bond, for the sum of five hundred dollars.

Cook, the plaintiff, applied for and obtained an injunction on several grounds.

1. That no such bond exists as that on which judgment was rendered against him.

2. That he had no notice of the judgment *ni si*, which was taken at the term before the final one, and that no copy had been served on him.

3. That if there be any such bond as the one sued on, he has a good defence against it.

4. The judgment is,illegal, and should be pronounced a nullity.

It was stated that the bond was in the papers of the suit at the time of taking judgment, but has been since abstracted from the clerk's office.

There was judgment dissolving the injunction, with interest at ten per cent. on the amount of the judgment enjoined, from the date to the dissolution of the injunction. The plaintiff appealed.

*Ogden*, District Attorney for the State, prayed for the affirmance of the judgment.

*Morse* and *Roysden,* for the defendant.

WESTERN DIST.
*October,* 1840.

COOK
*vs.*
THE STATE.

*Martin J.*, delivered the opinion of the court.

The plaintiff is appellant from a judgment dissolving an injunction, staying the execution of a judgment against him, as bail of Anding on a prosecution for assault and battery.

The grounds alleged by the plaintiff, in obtaining the injunction, are that no bond exists, such as that on which said judgment was rendered ; that no notice was given to him of the judgment *ni si,* which preceded the final one, nor any copy of it served on him ; that if such bond exists, he has a good defence against it; and that said judgment is illegal, and ought to be set aside as a nullity.

It does not appear to us, that the court erred. It is not pretended that the bond did *not exist* at the time judgment was rendered thereon.

If the notice of the judgment *ni si,* and a copy of it were not served on him, and the judgment was improperly rendered without them, the remedy was by appeal. And if the judgment is so illegal that it ought to be set aside by an action of nullity, such an action ought to have been brought, and may still be instituted.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Where a party is condemned as surety on a bail bond, without notice of judgment ni si, or a copy served on him, his remedy is by appeal, and not injunction.*

*If a judgment is so illegal as to be a nullity, an action of nullity, and not an injunction, should be resorted to.*