No. 749.—M. E. L. I. FRERE, Wife, etc., v. E. B. MENTZ, Sheriff, et al.

Two mortgage creditors seeking a preference over the proceeds of the sale of property mortgaged, can not, in a proceeding by third opposition, be permitted to attack the validity of each other's claims.  In such a case it is not the right over the thing mort- gaged that is to be passed upon, but the disposition of the proceeds of the sale of the thing mortgaged.  In this form of action the respective rights to the proceeds must be determined by the priority of rank of the mortgage, without reference to the character of the claims.

The true doctrine on this point seems to be that if one creditor wishes to destroy the right of another for the purpose of securing a preference for himself, he must do so by direct action and not by way of third opposition.

APPEAL from the Third Judicial District Court, parish of St. Mary. Train, J.   Frederick Gates, for plaintiff and appellee.   D. Caffery, for defendant and appellant.

HOWELL, J.   This is a proceeding by third opposition in which plaintiff claims by preference the proceeds of property subject, as she alleges, to her rights of mortgage against her husband, recognized in a judgment obtained by her against him and duly recorded.   The defendant, who caused the property to be sold under an execution, attacks the judgment of plaintiff against her husband as fraudulent and collusive; avers that if she was entitled to any judgment, it is satisfied; that the whole and not the undivided half sold at his suit of the property in question is liable to her claim, if any she have; and that a certain pretended dation en paiement from the husband to plain- tiff, the wife, was fraudulent, and he prays that the said judgment and

*dation en paiement* be declared fraudulent, collusive, null and void, and that the sheriff be ordered to pay the proceeds in controversy to him.

To this demand for nullity the plaintiff sets up the prescription of one year.

The counsel for defendant, in his brief, presents the following proposition:

"The question on the point of prescription is, whether one, in the enjoyment of a right or possession of property, can be ousted of the one or evicted of the other by a party claiming by paramount title, without having the right to question the validity and fairness of his adversary's title, after a certain period;" or thus: "our exception of fraud and collusion is never too late, under the rule of *quae temporalia,* as long as plaintiff seeks to oust us under her fraudulent judgment."

It will be observed that in this the only question for determination is, whether or not defendant can properly invoke the rule *quae temporalia,* etc., that is, is he in the position to use the charge of fraud as a shield rather than as a weapon of attack?

In our opinion the defendant is not in the enjoyment of a right in the sense which authorizes the application of the rule invoked by him. It is true he may be said to be in possession or enjoyment of a right of mortgage from the date of the execution of that mortgage, which right he is entitled to have enforced against the property affected by it; but the plaintiff is in possession of a similar right attaching to the same property, and by our jurisprudence neither can prevent or enjoin the other from enforcing such right upon the property so affected; but they must make claim to the proceeds, as has been done in this proceeding, and the success of each depends on the virtue or rank of the respective rights. When thus presented, apparently in due and regular form, if one claimant wishes to evade or destroy the right of the other, which appears to be paramount to his, he must directly assail it, not in the form of an exception, with a view of maintaining himself in his secured position, but by an attack to obtain a better position than he seems or claims to occupy. In another view, both are seeking to get possession of funds to which both claim a right, and the rank of the right of one must be destroyed in order that the right of the other may be maintained or effectual. Such is defendant's position. He must destroy or remove the apparently paramount right of plaintiff before his right is made effectual or available. Hence he is not in a position to invoke the rule *quae temporalia,* etc.

We think there is force in the position taken by him that the mortgage of the plaintiff attaches to the whole property, the one undivided half of which has been seized under the execution of defendant, and that in order to sustain a judgment giving her the whole of the proceeds of said half, it should appear that the proceeds of the whole

property would not more than satisfy her claim. For aught that appears in the record the whole property is sufficient to satisfy the balance actually due her (whatever it may be) and leave a surplus for defendant. As well said by his counsel: "A third possessor is not personally liable to the mortgage claim. C. C. 3400 [3402]. He has his option to pay the debt for which the property is mortgaged or give it up. In the case, therefore, of a third possessor, holding a fractional part of the whole of the mortgaged property, he can only be compelled to pay the mortgage in proportion to the value of the part held by him to the whole of the property as an entirety."

It is the property of a third possessor in this category, the proceeds of which are involved herein, and the case must be remanded on this point.

It is therefore ordered that the judgment appealed from be reversed and that this cause be remanded to the lower court to be proceeded in according to the views herein expressed and according to law, costs of appeal to be paid by plaintiff and appellee.

---

WYLY, J., *dissenting*. I regret that I am unable to concur with the majority of the court on the question of prescription presented in this case.

. I think the prescription announced in article 1994 of the Revised Civil Code has no application whatever to this case. That is a prescription, in express terms, applicable only to the action for the revocation of a contract. How the prescription of the action for the revocation of a contract can, by implication, be extended to an action for the revocation of a judgment, I can not imagine.

It is well known that laws of registry, of mortgage, of privilege and of prescription fall under that class termed *leges positivi*, and can not be extended by implication; they must be construed strictly. A law of prescription can not be supplied by jurisprudence; it must appear in some statute. Article 1994 and the section to which it refers will be searched in vain to find the announcement of a prescription to the action for the revocation or annulment of a judgment. Here the wife is opposing a judgment creditor of her husband and is contending that she has a mortgage of superior rank on the proceeds which the latter seeks to obtain in satisfaction of his claim. To this he replies her judgment is invalid because the claim on which it is based is fraudulent and unfounded. I think a creditor of the husband has the right to require the wife to show the validity of her claim at any time when it is opposed to the enforcement of his rights against the husband. A creditor whose rights are affected by it has this right. He was not a party to the decree of separation and is not concluded by it. Until it

is opposed to the enforcement of his rights, the creditor need never attack it for fraud or otherwise. I think article 1994 means what it says, and nothing more. If the law-giver had intended that the prescription of an action for the revocation of a contract should be applied to an action for the annullment of a judgment, he would have said so; he would not have limited it, in express terms, to contracts.

I think the extension by implication of a statute of prescription to other objects than those expressed in the act, is a blow at the well settled principle of elementary law that that class of laws denominated *leges positivi* are not subject to liberal interpretation as other laws and are always to be construed strictly. I think the prescription of one year invoked by the wife in this case, to avoid the attack of her husband's creditor and to escape the responsibility to make good her claim in a competition with him for funds of the husband, should be disallowed, because it is a prescription applicable to contracts by the letter of the law, and the court has no authority to extend its operation to judgments.

I therefore dissent on this question.