No. 12,974.

EQUITABLE SECURITIES CO. VS. JOSEPH BLOCK; MRS. JOSEPHINE ROBIN, THIRD OPPONENT.

SYLLABUS.

The asserted mortgage of the wife was cancelled twice on separate rules filed, and served upon all parties concerned.

The court had jurisdiction over the subject matter, and passed upon questions at issue. Whether the court's decisions on these rules were erroneous or correct, do not present grounds enough for collateral attacks of the proceedings.

The third opponent cannot treat the judgments ordering cancellation of the mortgage as absolute nullities, and recover the proceeds of the sale of the property on which she claims she has a mortgage, (by way of a third opposition).

Even on a confession of a married woman (if there be anything in the nature of consent in these cancellations), a direct action must be brought to annul a judgment. Bell vs. Frank, 23rd Ann. 599.

ON APPEAL from the Eleventh Judicial District Court for the Parish of St. Landry. *Dupre, J.*

*Farrar, Jonas, Kruttschnitt & Gurley,* and *Kenneth Baillio* for Plaintiff and Appellee.

*E. North Cullom* for Third Opponent and Appellant.

Argued and submitted February 7, 1899.
Opinion handed down February 20, 1899.

The opinion of the court was delivered by

BREAUX, J. This was a third opposition by a married woman who claims a mortgage superior in rank to that of the seizing creditor.

The facts, as relates to the mortgage right and its foreclosure by the plaintiff, are that it sued out executory process against Joseph Block, and seized his plantation in the parish of St. Landry, and in due course of proceedings it was adjudicated to it for the price of nine thousand nine hundred and five dollars.

The following is a recital of the right claimed by plaintiff:

Lehman, Abraham & Co., judgment creditors of Ludger and Lucien Lastrapes, owners of the property, had their judgment executed and the property sold. Vincent Boagni was the adjudicatee at the sale.

As the certificate of the recorder of mortgages, which was read to the public at the sheriff's sale, made known that there was of record, a statement of a general mortgage, bearing on all properties of Ludger and Lucien Lastrapes, in favor of Josephine Robin, his wife, resulting from inscription of a receipt purporting to have been signed by Lastrapes for money advanced to his wife by her father and mother; Boagni, the buyer, deposited the amount due to the seizing creditors, Lehman, Abraham & Co., in the hands of the sheriff, and filed proceedings against the sheriff, against the recorder of mortgages, and against Josephine Robin, wife of Lastrapes, to regulate the distribution of the proceeds of the sale, and to bring about a cancellation of all mortgages on the books of the recorder of mortgages.

Due notice of the application to cancel the mortgage was given to Mrs. Robin and her husband, Lastrapes.

For reasons stated in the judgment, the court decreed the cancellation of the mortgage, evidenced it was claimed by a receipt under private signature, in which Mrs. Robin's husband acknowledged to have received from her father and her mother, living at the time, the sum of six thousand dollars on account, as an advance of the portion she was to receive at their death.

The court in the judgment authorized the sheriff to pay the proceeds of the sale to the seizing creditors, Lehman, Abraham & Co.

Sometime afterward, Vincent Boagni sold the property he had bought at this sale to Joseph Block, and on the same day, the vendee of Boagni, Block, sold it to Ludger, Francois and Gabriel Lastrapes for the sum of seventeen thousand eight hundred and ninety-seven dollars and forty cents. Ludger bought one-half, and the others one-fourth each of the property.

About two years after their purchase, they retroceded the property to Block, their vendor. They declared in the deed of retrocession,

that they had paid no portion of the price, and that they retroceded. the property on condition of a return of their notes which repre-- sented the price.

After this retrocession, Block brought suit, setting forth in his: petition that the retrocession operated a resolution of the sale, and that, consequently, all mortgages acquired against the Lastrapes, his vendees, during their ownership, were cancelled and extinguished. He mentioned in his petition, among others, the claim of Mrs. Josephine Robin, wife of · Lastrapes, for the amount of six thousand dollars, which had been previously cancelled in the suit of Boagni against Duson, sheriff, to which we have already referred. Judgment upon his petition was rendered, cancelling and erasing all the mortgages described in this petition. It is in place to state here that Mrs. Robin obtained, in 1892, a judgment of separation of property from her husband; a *fi fa* issued, and was returned *nulla bona;* that the judgment was rendered for the amount paid by her father to her husband; *i. e.,* the sum of six thousand dollars, as evidenced by a receipt recorded in the office of the recorder in 1871, at which time the father and mother of Mrs. Robin were alive.

In opposition to plaintiff's claim, as just stated, opponents pleaded that her paraphernal funds were secured by a mortgage which primed plaintiff's.

To this intervention and third opposition, plaintiff filed an exception of no cause of action. Intervenor and opponent prayed to amend her petition so as to cite Vincent Boagni to show cause why the judgment rendered in 1890 should not be cancelled.

The exception was referred to the merits. The amendment was not allowed.

The answer of plaintiff to the intervention admits that intervenor and third opponent obtained a judgment against her husband, and sought to have it executed, and that as she alleges she did have the receipt inscribed; but plaintiff avers that the registry of the receipt and the mortgage claimed by the intervenor were cancelled in the first proceedings for cancellation, in case of Vincent Boagni vs. C. C. Duson, Sheriff, No. 13,553, to which we have referred, in which plaintiff avers the wife was authorized to stand in judgment.

Plaintiff sets forth, also, that after the cancellation and annullment of her mortgage in accordance with the judgment rendered on the first application to cancel her mortgage, Mrs. Robin had a second in-

scription of her mortgage made, which was also cancelled in the suit above referred to, of Joseph Block vs. C. M. Thompson, after due citation of all parties concerned, and that in this suit Mrs. Robin duly authorized, filed an answer, in which she averred that she had no objection to the cancellation of the mortgage, as prayed for by plaintiff, being satisfied that the mortgage she now claims did not bear on the property seized by plaintiff in the case before us for decision.

Plaintiff averred that these judgments were final, and could not be collaterally attacked in the proceedings by intervention and third opposition; that Mrs. Robin's answer was a judicial admission that legally concluded her demands; that at the date of registry of plaintiff's mortgage, intervenor had no recorded claim on the property.

From a judgment dismissing her demand, Mrs. Robin appeals. The mortgage of the wife to secure the payment of her separate rights, is well defined, and whenever it is first in rank, and unaffected by any proceedings, it must, in law, be recognized and given effect, but if she has consented to the cancellation and erasures of her mortgage, or has been cast in a suit which resulted in the cancellation and erasure of her mortgage, she is bound by the rules of practice applying in such cases. The remedies which the law gives must be kept distinct. The ordinary mortgagee, whose mortgage is twice cancelled, in accordance with a decree of a competent court, is left without right to ignore the cancellation and claim as third opponent.

As relates to the proceeds of the sale of the property on which her mortgage was extant prior to the cancellation, Mrs. Robin is not, under the law, permitted to recover them in a third opposition.

She is precluded from asserting any right she may have collaterally, and by third opposition; she must bring a direct action to avoid the judgment of cancellation. The truth of the judgment ordering the cancellation can not be collaterally questioned. .

Counsel seeks to avoid the difficulty by urging that the judgment ordering the cancellation was null *ab initio,* and requires no annulling action.

There is here a *petitio principii.* Of course, if the position assumed, that the judgment is an absolute nullity, were correct in law, its non effects would follow.

This leads us to the inquiry: Is it an absolute nullity? Should we, in these proceedings, deny it all validity?

31

The court had jurisdiction to decree a cancellation and erasure. The question was considered. Whether it was decided correctly or incorrectly, it is not for us to determine in this case, and not contradictorily with the parties in whose interest the cancellation was made.

Such judgments are considered invulnerable against collateral attacks.

The third opponent sets forth a number of grounds to sustain her contention that the judgment is an absolute nullity. Such as, that the consent of the wife to a cancellation of the mortgage renders the judgment based upon the consent an absolute nullity.

This court has decided in Bell vs. Francke & Danneel, 23 An. 599, that where the wife is separated in property from her husband, "if a judgment be so illegal as to be a nullity, resort should be had to an action of nullity and not an injunction."

Judge Martin, as the organ of the court, in Cook vs. State, 16 La. 288, said:

"And if the judgment is so illegal that it ought to be set aside by an action of nullity, such an action ought to have been brought, and may still be instituted."

We think the principle laid down in those decisions, applies here.

We think that the orderly conduct of judicial proceedings, as well as the public interest, requires that we adhere to the rule of the Code of Practice and of jurisprudence.

In another case, this court said:

"Daily experience teaches us that justice can not be administered unless the different remedies which the law gives are kept distinct from each other." Jones vs. Lawrence, 4 An. 280.

Moreover the property had passed out of the possession and ownership of her debtor. Block was, as to this claim, a third person. Her executory title, if she had one, would be against the third possessor, and not personally against the seizing creditor to compel him to pay from the proceeds of the sale under seizure. Block received only such title as the seizing creditor had acquired.

Whatever mortgage claim Mrs. Robin may have, remained on the property; her claim was not transferred to the proceeds.

The law and the evidence being for plaintiff, and against defendants, it is ordered, adjudged and decreed that the judgment appealed from is affirmed.