No. 3069

Second  Circuit

---

SECURITIES SALES COMPANY OF LA., INC., v. C. V. BREITHAUPT PLAUCHE-LOCKE SECURITIES, INC., Intervenor

---

(February 3, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest—Intervention—Par. 5; Execution—Par. 168.

An intervenor cannot attack the validity of a sale nor complain of its defects in the suit or proceeding between the original parties nor of the form of action and at the same time claim to be paid out of the proceeds.

2. **Louisiana Digest—Execution—Par. 168; Mortgages—Par. 189; Intervention—Par. 5.**

An intervenor who claims to be paid by preference out of the proceeds of a sale takes the suit as he finds it; he cannot attack the validity of the other mortgagee's claim.

3. **Louisiana Digest—Execution—Par. 168; Mortgages—Par. 189.**

In order for one mortgage creditor to destroy the right of another mortgage creditor in order to obtain a preference, he must do so by direct action and not by intervention.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides. Hon. Leven L. Hooe, Judge.

Action by Securities Sales Company of Louisiana, Inc., against C. V. Breithaupt. Plauche-Locke Securities, Inc., Intervenor.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

B. T. Dawkins, W. C. Roberts, of Alexandria, attorneys for plaintiff, appellee.

Lamar Polk, of Alexandria, attorney for defendant, appellant.

ODOM, J.   Plaintiff, as owner and holder of a promissory note secured by chattel mortgage on an automobile, proceeded by executory process to foreclose the mortgage. A writ of seizure and sale was issued and under said writ the sheriff seized the mortgaged property and advertised it for sale. Prior to the date of the sale, the Plauche-Locke Securities, Inc., intervened in the suit by way of Third Opposition, claiming the proceeds of the sale on the ground that it also had a chattel mortgage on said automobile seized and advertised for sale and that its mortgage was superior in rank· to that of the seizing creditor and asked that its claim be paid out of the proceeds of the sale by preference and priority over plaintiff's claim.

The allegations of intervenor's petition and the copy of its chattel mortgage attached to and made a part thereof, show that its mortgage was executed and recorded more than four months subsequent to the execution and recordation of plaintiff's mortgage.

To intervenor's petition, plaintiff filed an exception of no cause of action, which was sustained by the lower court, and it has appealed.

OPINION

Plaintiff's chattel mortgage, which is attached to the petition and made a part thereof, shows on its face that it was executed and signed before a notary public and two witnesses, imports a confession of judgment and bears the seal of the notary. The note executed by the debtor at the same time bears the seal and paraph of the notary before whom it and the mortgage were passed. They are both dated March 8, 1926. According to the certificate of the recorder of mortgages attached thereto, the mortgage was duly recorded in chattel mortgage book 16, page 428, on March 19th, 1926.

The mortgage being authentic in form and importing a confession of judgment, the court, upon its presentatation together with the note which it secured, ordered its foreclosure by executory proceedings upon petition of plaintiff.

Intervenor has a chattel mortgage on the same car, but its mortgage is dated July 24, 1926, and while the copy attached to the petition of intervention does not show that fact, it is conceded that it, too, was duly recorded in the chattel mortgage records.

Under Article 3329 of the Civil Code, mortgages rank according to the date of registry.

Therefore plaintiff's mortgage, if it be regular and valid in all respects, is superior to that of intervenor, as it was registered first.

We are spared the time and labor of discussing in detail all the points raised in intervenor's petition and brief, as we find that counsel has admitted, in brief, that plaintiff's mortgage is valid.

He says:

"The validity of the mortgage as between Breithaupt (the mortgagor) and the Sales Company (the plaintiff) is not disputed, nor is their right to proceed as they did disputed, nor is the validity of the mortgage denied, but as third opponent we simply claim the proceeds of the sale."

That point conceded, it is difficult to understand the theory upon which the intervenor claims the proceeds of the sale, in view of the fact that its petition of intervention shows that its mortgage was registered more than four months after the registry of plaintiff's, for the Code specifically provides that mortgages take their rank according to the date of registry. Article 3329.

Counsel's admissions, which we may say are amply supported by the pleadings and the exhibits attached, foreclose further discussion.

But if counsel's contention and argument that there are defects in the mortgage not disclosed on its face (which argument is utterly inconsistent with an admission that it is valid) be conceded, intervenor has no standing to urge such latent defects in this proceeding. It did not set up such defects and irregularities in plaintiff's mortgage and enjoin the sale on that account. It is in court claiming the proceeds of a sale of the mortgaged property under the foreclosure proceedings.

There is no point more thoroughly and definitely settled in our jurisprudence than this, that a party cannot attack the validity of a sale nor complain of informalities or defects in the suit or proceedings between the original parties nor of the form of action, and at the same time claim to be paid out of the proceeds.

An intervenor who claims to be paid out of the proceeds of a sale takes the suit as he finds it. Mortgage creditors who seek a preference over the proceeds of mortgaged property are not permitted to attack the validity of each other's claims by way of third opposition. In such an action it is not the right over the thing mortgaged which is to be determined, but rather the disposition of the proceeds of the sale of the thing mortgaged, and the respective rights of the parties to such proceeds are to be determined by the priority of the rank of the mortgages.

Livaudais vs. Livaudais, 3 La. Ann. 454.

Peychaud vs. Citizens Bank, 21 La. Ann. 262.

Tarleton, Whiting & Tullis vs. Kennedy, 21 La. Ann. 500.

Boubede vs. Aymes, 29 La. Ann. 274.

Mather et als. vs. Knox, 34 La. Ann. 410.

Asher vs. Fredenstein, 19 La. Ann. 256.

Cahn vs. Ford, 42 La. Ann. 965, 8 So. 477.

Equitable Securities Co. vs. Block, 51 La. Ann. 478, 25 So. 271.

Frere vs. Mentz, 23 La. Ann. 546.

Theurer vs. Knorr, 24 La. Ann. 597.

Layman vs. Succn. of Woulfe, 136 La. 767, 67 So. 823.

Howe vs. Whited, 21 La. 495.

In Frere vs. Mentz, 23 La. Ann. 546, supra, to quote the syllabus, it was held:

"The true doctrine on this point seems to be that if one creditor wishes to de-

stroy the right of another for the purpose of securing a preference for himself, he must do so by direct action and not by way of third opposition."

The judgment of the lower court sustaining the exception of no cause of action is correct and is therefore affirmed with costs.