REGAN, Judge.
Plaintiffs, James R. Mary and Intrastate Pipeline Corporation, filed this suit against the defendant, Pontchartrain Motor Company, Inc., endeavoring to restrain the defendant and the Sheriff for the Parish of Jefferson from executing a writ of fieri facias issued against Intrastate Pipeline Corporation by the Clerk of the Fifteenth Judicial District Court for the Parish of Lafayette to enforce a judgment of that court. The plaintiffs obtained a temporary restraining order without bond, and ordered the defendant to show cause why the preliminary injunction should not be issued.
The defendant obtained a rule to show cause why the temporary restraining order should not be dissolved, and both the rule to dissolve and the plaintiffs’ rule for a preliminary injunction were heard on the same day.
After a trial on these rules, judgment was rendered in favor of the defendant dissolving the temporary restraining order and condemning James R. Mary to pay $500.00 in damages for having it issued. In addition, judgment was rendered in favor of the defendant denying the plaintiffs’ request for a preliminary injunction. From this judgment, the plaintiffs have prosecuted this appeal.
The record reveals that on August 8, 1968, the defendant sold to Intrastate Pipeline Corporation a 1968 Cadillac automobile for the sum of $6,500.00. The consideration for the sale was the trade of a 1966 Oldsmobile valued at $1,400.00 and the personal check of James R. Mary for the balance of the purchase price, or $5,160.00. Mary’s check was returned by the bank because of insufficient funds. Thereafter, on August 26, 1968, Mary paid to the defendant $160.00 in cash and endorsed a *695 check to it in the sum of $3,000.00, leaving a balance of $2,000.00 due and owing on the purchase price of the automobile. This amount remains unpaid.
On December 12,1968, the defendant filed suit in the Fifteenth Judicial District Court for Lafayette Parish against both of the plaintiffs in this case seeking to recover the sum of $2,000.00. In connection therewith, the defendant in this case sought to obtain a writ of sequestration in order to regain possession of the automobile. Thereafter, Mary filed an answer to the petition for the writ of sequestration on behalf of Intrastate Pipeline Corporation, and also sought to obtain judgment against Pontchartrain Motor Company by reconventional demand in the sum of $100,000.00. Thus, a general appearance was made in the Lafayette Parish proceeding by Intrastate.
Despite this general appearance, the plaintiffs herein are endeavoring to obtain an injunction to prohibit the enforcement of the Lafayette Parish judgment for numerous reasons, based primarily on the asserted failure of either Intrastate or Mary to be served with any type of notice, either of the rule to show cause or of the trial on the merits in the other proceeding. Plaintiffs predicate their argument on the hypothesis that the Lafayette Parish proceeding upon which the writ sought to be enjoined is an absolute nullity, which may be collaterally attacked whenever and wherever it is sought to be enforced.
Assuming arguendo that the judgment of the Fifteenth Judicial District Court is subject to collateral attack[1] a direct action to annul the judgment need not be brought in that court pursuant to Art. 2006 of the Code of Civil Procedure. However, even with the advantage of this assumption and giving the most favorable interpretation possible to the evidence presented by the plaintiffs, it is clear that the lower court reasoned correctly in dissolving the temporary restraining order and refusing to issue a preliminary injunction against the defendant.
The lower court refused to issue the preliminary injunction on the theory that Intrastate Pipeline Corporation, the true owner of the automobile sought to be seized, was not a party plaintiff in the present suit. There is no question that the preamble to the present suit is worded in a somewhat unorthodox method. The wording of the preamble reads as follows:
“The petition of James R. Mary, individually and as attorney for Intrastate Pipeline Corporation, a Louisiana corporation, the domicile located in the Parish of Orleans, whose agent for process of service is Diane Hill Mary, and upon showing to the Court: * *
While it cannot be questioned that this language is not the standard form of pleading, it nevertheless does signify that both Mary and Intrastate Pipeline Corporation are parties plaintiff. The preamble clearly states that Mary is a plaintiff, and the wording to the effect that he appears both for himself and “as attorney for Intrastate Pipeline Corporation” is sufficient to demonstrate the intention that both parties are plaintiffs in the proceeding.
We do not agree with the lower court’s reasoning for denying the preliminary injunction; however, we agree with the result reached by it. A careful examination of the evidence produced by the plaintiffs in support of their demand for injunctive relief clearly shows that they did not prove their cause of action with that degree of certainty required by law. Instead, the record is replete with innuendo, insinuation, and somewhat inarticulate and ambiguous language. Such evidence is insufficient to justify the issuance of a pre *696 liminary injunction, and assuming arguendo their right to collaterally attack the Lafayette Parish judgment, the plaintiffs must wait for the trial on the merits on the permanent injunction in order to properly prove their case.
We likewise agree with the lower court’s dissolution of the temporary restraining order, but again for different reasons. The lower court predicated its dissolution on the fact that no security was furnished as provided by Article 2754 of the Code of Civil Procedure. However, that article clearly relates only to the issuance of injunctive relief to halt the execution of a writ of seizure and sale in an executory proceeding. In this case, the writ issued was one of fieri facias and not of seizure and sale. Hence, it would be more appropriate to rationalize the dissolution of the temporary restraining order on the fact that the petition therefor was not accompanied by a supporting affidavit that immediate or irreparable injury, loss or damage would result to the applicant before notice could be served and a hearing held in accordance with Article 3603 of the Code of Civil Procedure.[2]
In addition, Article 3608 of the Code of Civil Procedure provides that a court may award damages for the wrongful issuance of a temporary restraining order, which damages may also include attorney’s fees. In the present case, the testimony was clear that the defendant incurred attorney’s fees of $500.00 because of the improvidently issued restraining order, and we detect no error in the lower court’s judgment awarding this sum to the defendant.
The final question posed for our consideration relates to the merit of the defendant’s motion to dismiss the plaintiffs’ appeal predicated upon the reasoning that it is an appeal from an order relating to a temporary restraining order which is prohibited by Article 3612 of the Code of Civil Procedure. While it is quite true that Article 3612 does prohibit an appeal from an order relating to a temporary restraining order, the same article nonetheless allows an appeal as a matter of right from an order or judgment relating to a preliminary of final injunction. In the present case, the temporary restraining order was dissolved and the preliminary injunction was refused in the same judgment. Article 3612 grants the plaintiffs the right to appeal from the denial of the preliminary injunction, and the mere fact that the dissolution of the restraining order is contained in the same judgment is not sufficient reason to deny plaintiffs’ right to appeal.
For the foregoing reasons, the judgment appealed from is affirmed. The plaintiffs are to pay all costs incurred herein.
Affirmed.

. See Compton v. Sandford, 30 La.Ann. 838 (1878) ; Nottingham v. Hoss, 19 La.App. 643 (1932) ; Decuir v. Decuir, 105 La. 481, 29 So. 932 (1901) ; Gele v. Co tonio, 3 Orl.App. 165 (1906). But cf. Equitable Securities Co. v. Block, 51 La. Ann. 478, 25 So. 271 (1895).

. More in line with the lower court’s reasoning is Article 3610 of the Code of Civil Procedure which prohibits the issuance of a temporary restraining order without the prior furnishing of appropriate security.